UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DUNHAM, as an individual and in his capacity as TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LEI, an individual; OOSHIRTS, INC., d/b/a TEECHIP and TEECHILI; and DOES 1-50,<br><br>Defendants. | CASE NO. 2:20-CV-03716<br><br>**[PROPOSED] ORDER DISMISSING JEFF DUNHAM'S COMPLAINT** |

This Court, having read and considered defendants ooShirts, Inc. ("ooShirts") and Raymond Lei's Motion to Dismiss the Complaint, which came on regularly for hearing, the Honorable Dolly M. Gee presiding, and after considering all papers in support and in opposition to said Motion and considering the oral argument of counsel, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

A.   <u>Failure to Plead in Accordance with Rule 8</u>

Jeff Dunham's Complaint violates Federal Rule of Civil Procedure 8 ("Rule 8"), as it fails to attribute any specific conduct to a specific defendant. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865 (N.D. Cal. Sep. 20, 2011) ("[B]y lumping all eight of [the defendants] together,"

-1-

plaintiffs had "not stated sufficient facts to state a claim for relief that is plausible against *one* [d]efendant"). Although Mr. Dunham sues fifty-two defendants, he lumps the defendants together and makes generalized allegations against "Defendants" as a whole. Requiring a response to the Complaint would improperly saddle "Defendants" with the "exceedingly difficult, if not impossible" task of preparing a response to inappropriately broad and generalized allegations. *Id.* at *26-27.

B. <u>Claims against Raymond Lei</u>

Each of the claims against Raymond Lei fail, as Mr. Dunham does not plead facts sufficient to support alter ego liability. *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1069, 1072 (2011) (reciting alter ego elements). "Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position." *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1109 (2012).

C. <u>Claims against Mr. Lei and ooShirts, Inc.</u>

Mr. Dunham's First Claim for direct copyright infringement fails, as he does not allege facts sufficient to show that Mr. Lei and ooShirts were the "most significant and important cause of the copy." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014). Mr. Dunham contends that "third parties" "design and upload infringing and counterfeit designs" to websites. (*Id.*, ¶¶ 100 & 105.) As such, it is the third party users who took the crucial "initial step" of, "upload[ing]" the allegedly infringing content and "design[ing]" the purportedly infringing goods. (*Id.*)

Mr. Dunham's Second and Fourth Claims for direct trademark infringement fail, as he does not allege that there was "confusion as to the origin or sponsorship of the defendant's goods." *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102 (2d Cir. 2010). Mr. Dunham fails to plead any supportive facts and, instead, furnishes Exhibits C and D, alleging that such depict "example[s] of the infringing conduct."

(Compl., ¶¶ 35, 77, 57.) The Exhibits merely depict use of the mark in relation to products, which Mr. Dunham contends "incorporat[e] the Dunham brand." (*Id.*, ¶ 26.) As such, by Mr. Dunham's allegations, the marks are purportedly used to "accurately describe" the products. *Tiffany (NJ) Inc.*, 600 F.3d at 103.

Mr. Dunham's Sixth through Ninth Claims for secondary copyright and trademark infringement also fail. Mr. Dunham fails to plead a claim for direct infringement against any third party. *Malletier, S.A. v. Akanoc Sols.*, *Inc*., 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008) (emphasis added) ("All theories of secondary liability for copyright and trademark infringement require some underlying direct infringement <u>by a third party</u>.").

In addition, the secondary infringement claims fail for the following reasons: First, as to the contributory infringement claim, Mr. Dunham's allegations that, ooShirts operates a website that "allows for the exchange of copyrighted material" and received "past" DMCA notices, are insufficient to establish "actual knowledge of [the] specific acts of infringement." *Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co*., 710 F.3d 1068, 1072 (9th Cir. 2013) (holding vague notices insufficient); *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1021 (9th Cir. 2001). Second, vicarious copyright infringement requires facts sufficient to show that ooShirts and Mr. Lei had the "right and ability to supervise" the third party's infringing conduct, yet Dunham fails to plead any supporting facts. (Compl., ¶ 101; *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017). Third, in relation to his claim for contributory trademark infringement Mr. Dunham fails to adequately plead "actual or constructive knowledge." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc*., 658 F.3d 936, 943 (9th Cir. 2011). Fourth, with respect to the vicarious trademark infringement claim, providing "third parties" with the ability to upload designs to a website does not evidence a manifestation of an intent to enter into a "partnership." (Compl., ¶

105; *Louis Vuitton Malletier, S.A.*, 591 F. Supp. 2d at 1113, n.17 (providing IP addresses and servers insufficient).

Mr. Dunham's Third Claim for dilution fails to state a claim, as it offers no supportive facts or clarification as to his intended theory of dilution (i.e., blurring or tarnishment). *Klein Elecs., Inc. v. Boxwave Corp.*, No. 10cv2197 WQH (POR), 2011 U.S. Dist. LEXIS 69525 (S.D. Cal. June 27, 2011) (dismissing dilution claim where plaintiff had alleged no "more than labels and conclusions").

Mr. Dunham's Fifth Claim for unfair competition also fails to state a claim. The claim violates Rule 8, as it is labeled a "common law" claim, yet is alleged as a statutory claim. *Owen v. City of Hemet*, No. ED CV 19-1388-ODW(E), 2020 U.S. Dist. LEXIS 99463, at *18 (C.D. Cal. Feb. 10, 2020) ("A complaint is subject to dismissal if one cannot determine from the complaint who is being sued, on what theory and for what relief."). Further, the claim fails as it is preempted by the Copyright Act. *Fractional Villas, Inc. v. Tahoe Clubhouse*, No. 08cv1396 - IEG - POR, 2009 U.S. Dist. LEXIS 4191, at *14 (S.D. Cal. Jan. 22, 2009) (dismissing claim).

Mr. Dunham's Tenth and Eleventh Claims for common law and statutory violation of publicity of rights, fail to state a claim for two reasons: First, the claims are preempted by the Copyright Act, as the "crux" of Mr. Dunham's claims is the alleged unauthorized sale of his copyrighted works. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1012-13 (9th Cir. 2017); *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1919 (1996) (indicating claim is preempted if the subject of the claim "come[s] within the subject matter or scope of copyright protection"). Second, the claims, which are predicated on the conduct of a content provider, are barred by 47 U.S.C. § 230. *See Evans v. Hewlett-Packard Co.*, No. C 13-02477 WHA, 2013 U.S. Dist. LEXIS 115856, at *9 (N.D. Cal. Aug. 15, 2013) (dismissing claim for misappropriation of likeness, under Section 230).

///

1  For the foregoing reasons, the Court **GRANTS** the ooShirts and Mr. Lei'
2  Motion to Dismiss the Complaint, and hereby dismisses Mr. Dunham's Complaint
3  **WITH PREJUDICE**.
4  **IT IS SO ORDERED.`**
5  Date:

_____
THE HONORABLE DOLLY M. GEE
U.S. District Court Judge