1  Craig J. Mariam (SBN: 225280)
   cmariam@grsm.com
2  Garrett M. Fahy (SBN: 267103)
   gfahy@grsm.com
3  Stephanie L. Cobau (SBN: 307713)
   scobau@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
5  Los Angeles, CA 90071
   Telephone: (619) 696-6700
6  Facsimile: (619) 696-7124

7  Attorneys for defendants,
   Raymond Lei and ooShirts, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 JEFF DUNHAM, as an individual and in )  CASE NO. 2:20-CV-03716
   his capacity as TRUSTEE OF THE JEFF )
12 DUNHAM TRUST DATED MARCH )              **DEFENDANTS RAYMOND LEI**
   24, 2010,                            )  **AND OOSHIRTS, INC.'S REPLY**
13                                      )  **IN SUPPORT OF MOTION TO**
                      Plaintiff,        )  **DISMISS**
14                                      )
        v.                             )
15                                      )  Complaint filed: April 23, 2020
   RAYMOND LEI, an individual;         )  Judge: Hon. Dolly M. Gee
16 OOSHIRTS, INC., d/b/a TeeChip and   )  Magistrate Judge: Hon. Maria Audero
   TeeChili; and DOES 1-50,            )
17                                      )  Hearing Date: September 4, 2020
                      Defendants.       )  Hearing Time: 9:30 a.m.
18                                      )  Courtroom: 8C
                                        )
19 _____ )

20

21        Defendants Raymond Lei and ooShirts, Inc. ("ooShirts") respectfully submit

22 to this Honorable Court the following Reply in support of their Motion to Dismiss

23 the Complaint (Dkt. No. 17).

24 ///

25 ///

26 ///

27 ///

28 ///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTION ................................................................................... 1

II.   LEGAL ARGUMENT .......................................................................... 2

    A.   Defendants Meet and Conferred in Accordance with Local Rule 7-3 .............................................................................................. 2

    B.   Mr. Dunham's Complaint Violates Federal Rule of Civil Procedure 8 ..................................................................................... 2

        (1)   Broad Allegations Against All "Defendants" Violates Rule 8 Even Where the Bulk of the Defendants are Ficticiously Named ........................................................ 2

        (2)   Mr. Dunham Cannot Avoid Dismissal for Failure to Comply with Rule 8, by Revising His Allegations in an Opposition ...................................................................... 3

    C.   Mr. Lei Must be Dismissed from the Complaint, as Mr. Dunham Fails to Plead Any Facts Supporting Alter Ego Liability ....................................................................................... 4

    D.   Claim No. 1: The Copyright Infringement Claim is Not Adequately Plead ....................................................................... 5

    E.   Claim Nos. 2 & 4: Mr. Dunham Fails to Adequately Allege Direct Trademark Infringement .............................................. 7

    F.   Claim Nos. 6-9: The Secondary Infringement Claims Also Fail ......... 8

        (1)   The Secondary Infringement Claims Fail Because Mr. Dunham Does Not *Adequately* Allege Direct Infringement By a Third Party ...................................... 8

        (2)   Knowledge of Specific Acts of Contributory Copyright and Trademark Infringement are Not Properly Pled ............... 9

            a.   The Ninth Circuit Recently Foreclosed the Possibility of Pleading Knowledge Based on a "Whack-a-Mole Problem." .................................... 9

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

- i -

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

b. *Perfect 10* Does Not Relieve or Eliminate the Obligation to Plead Knowledge in Relation to Contributory Trademark Infringement ........................... 10

(3) The Vicarious Copyright Infringement Claim Fails, as Mr. Dunham Does Not Adequately Allege a Right and Ability to Control ..................................................... 11

(4) The Vicarious Trademark Infringement Claim Fails, as the Third Parties' Relationship with ooShirts is Not Plead ...... 13

G. Claim No. 3: The Trademark Dilution Claim Fails ........................... 14

(1) Mr. Dunham Does Not Sufficiently Plead Dilution by Tarnishment ............................................................. 14

H. Claim No. 5: The Claim(s) for Unfair Competition Must Be Dismissed ................................................................. 16

(1) The Common Law and Statutory Unfair Competition Claim(s) Must Be Dismissed As They Are Not Separately Alleged ....................................................... 16

(2) Mr. Dunham's Newly Alleged "Separate Elements" Do Not Save His Unfair Competition Claim .......................... 17

I. Claim Nos. 10-11: The Publicity Rights Claims are Preempted ........ 18

J. Claim Nos. 5, 10-11: The CDA Bars the State Law Claims .............. 20

(1) CDA Immunity May Be Determined on a Motion to Dismiss. ................................................................. 20

(2) ooShirts and Mr. Lei are "Interactive Service Providers" with CDA Immunity ............................................... 21

K. Portions of Mr. Dunham's Prayer for Relief Should Be Struck ........ 22

(1) Reasonable Inferences Lead to the Undeniable Conclusion that ooShirts is an "Innocent Printer" .................... 22

(2) Counterfeiting Damages Are Not Available Unless the Infringer Used the Mark in Commerce ........................ 22

III. CONCLUSION .................................................................. 23

- ii -

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

*ALS Scan, Inc. v. Steadfast Networks, Ltd. Liab. Co.*,
  Nos. 18-55615, 18-56173, 2020 U.S. App. LEXIS 22360 (9th Cir. July
  17, 2020) .................................................................................................................9

*Aranda v. Cty. of L.A.*,
  No. 2:19-CV-01770-RGK-RAOx, 2020 U.S. Dist. LEXIS 34780 (C.D.
  Cal. Feb. 6, 2020) ...............................................................................................17

*Bmw of N. Am., LLC v. Win.It Am., Inc.*,
  No. CV 17-8826 PSG (MRWx), 2018 U.S. Dist. LEXIS 228740 (C.D.
  Cal. Mar. 14, 2018) .............................................................................................14

*Boost Beauty, LLC v. Woo Signature, LLC*,
  No. 2:18-cv-02960-CAS(Ex), 2018 U.S. Dist. LEXIS 177904 (C.D. Cal.
  Oct. 15, 2018) .......................................................................................................8

*Brennan v. Concord EFS, Inc.*,
  369 F. Supp. 2d 1127 (N.D. Cal. 2005).................................................................5

*Carafano v. Metrosplash.com. Inc.*,
  339 F.3d 1119 (9th Cir. 2003) .............................................................................21

*Car-Freshner Corp. v. Getty Images, Inc.*,
  822 F. Supp. 2d 167 (N.D.N.Y. 2011)..................................................................14

*Corazon v. Aurora Loan Servs., Ltd. Liab. Co.*,
  No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712 (N.D. Cal. May 5, 2011) ........3

*Crisp v. Kernan*,
  No. 2:17-cv-2431 KJN P, 2018 U.S. Dist. LEXIS 96221 (E.D. Cal. June
  7, 2018) .................................................................................................................3

*Fair Hous. Council v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) .............................................................................21

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991)...............................................................................................8

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

-iii-

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

*Fleet v. CBS*,
   50 Cal. App. 4th 1911 (1996) ................................................................................ 19

*Fox Broad. Co. v. Dish Network L.L.C.*,
   747 F.3d 1060 (9th Cir. 2014) ........................................................................ 5, 6

*Fyk v. Facebook, Inc.*,
   808 F. App'x 597 (9th Cir. 2020) ......................................................................... 20

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ................................................................. 1, 3

*Gonzales v. City of Clovis*,
   No. 1:12-cv-00053-AWI-SKO, 2013 U.S. Dist. LEXIS 12719 (E.D. Cal.
   Jan. 29, 2013) ........................................................................................................ 3

*Gucci Am., Inc. v. Hall & Assocs.*,
   135 F. Supp. 2d 409 (S.D.N.Y. 2001) ................................................................ 22

*Hoffman v. Capital Cities/ABC, Inc.*,
   255 F.3d 1180 (9th Cir. 2001) ..................................................................... 19, 20

*Hoffman v. Capital Cities/ABC, Inc.*,
   33 F. Supp. 2d 867 (C.D. Cal. 1999) .................................................................. 20

*Holomaxx Techs. v. Microsoft Corp.*,
   783 F. Supp. 2d 1097 (N.D. Cal. 2011) ........................................................ 20, 22

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*,
   456 U.S. 844 (1982) ................................................................................... 10, 11

*Klein Elecs., Inc. v. Boxwave Corp.*,
   No. 10cv2197 WQH (POR), 2011 U.S. Dist. LEXIS 69525 (S.D. Cal.
   June 27, 2011) ...................................................................................................... 16

*La Park La Brea A LLC v. Airbnb, Inc.*,
   285 F. Supp. 3d 1097 (C.D. Cal. 2017) .............................................................. 20

*Lopez v. Bonanza.com, Inc.*,
   2019 U.S. Dist. LEXIS 170715 (S.D.N.Y. Sep. 30, 2019) ........................ 7, 8, 23

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
   591 F. Supp. 2d 1098 (N.D. Cal. 2008) ........................................................... 8, 11

-iv-

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

*Maloney v. T3Media, Inc.*,
    853 F.3d 1004 (9th Cir. 2017) ...................................................................18

*Manning v. Dimech*,
    No. CV 15-05762 RSWL (PJWx), 2015 U.S. Dist. LEXIS 173376 (C.D.
    Cal. Dec. 30, 2015) ..................................................................................2

*Moroccanoil, Inc. v. Perfumes World Com, Inc.*,
    234 F. Supp. 3d 1026 (C.D. Cal. 2017) .......................................................8

*Multi Time Mach., Inc. v. Amazon.com, Inc.*,
    792 F.3d 1070 (9th Cir. 2015) .....................................................................7

*Navajo Nation v. Urban Outfitters, Inc.*,
    935 F. Supp. 2d 1147 (D.N.M. 2013) .........................................................15

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................5

*New York Times v. Sullivan*,
    376 U.S. 254 (1964).................................................................................22

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) .......................................................5

*Nordstrom, Inc. v. Nomorerack Retail Grp., Inc.*,
    No. C12-1853-RSM, 2013 U.S. Dist. LEXIS 41810 (W.D. Wash. Mar.
    25, 2013) ................................................................................................15

*PC Drivers Headquarters, LP v. Malwarebytes Inc.*,
    371 F. Supp. 3d 652 (N.D. Cal. 2019)........................................................20

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) ..............................................5, 6, 10, 11, 12, 14

*Perfect 10, Inc. v. Giganews, Inc.*,
    No. CV11-07098 AHM (SHx), 2013 U.S. Dist. LEXIS 71349 (C.D. Cal.
    Mar. 8, 2013) ...........................................................................................6

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ..........................................................10, 11, 13

*Playboy Enters., Inc. v. Welles*,
    279 F.3d 796 (9th Cir. 2002)......................................................................14

- v -

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

*PlayMakers, LLC v. ESPN, Inc.*,
  297 F. Supp. 2d 1277 (W.D. Wash. 2003) ...........................................15

*Revplus, Inc. v. Donde*,
  No. SACV 11-1583 AG (ANx), 2012 U.S. Dist. LEXIS 199211 (C.D.
  Cal. Sep. 14, 2012) ...........................................16

*Sarvis v. Polyvore, Inc.*,
  No. 12-12233-NMG, 2013 U.S. Dist. LEXIS 112539 (D. Mass. Aug. 9,
  2013) ...........................................10

*Sessions v. Chrysler Corp.*,
  517 F.2d 759 (9th Cir. 1975) ...........................................16

*Sollberger v. Wachovia Sec., LLC*,
  No. SACV 09-0766 AG (ANx), 2010 U.S. Dist. LEXIS 66233 (C.D. Cal.
  June 30, 2010) ...........................................17

*Swift v. Zynga Game Network, Inc.*,
  No. C 09-05443 SBA, 2010 U.S. Dist. LEXIS 117355 (N.D. Cal. Nov. 2,
  2010) ...........................................21

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ...........................................16

*Ticketmaster Corp. v. Tickets.com, Inc.*,
  54 U.S.P.Q.2d 1344 (C.D. Cal. 2000) ...........................................18

*Tietsworth v. Sears, Roebuck & Co.*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...........................................1

*Tiffany (NJ) Inc. v. eBay, Inc.*,
  576 F. Supp. 2d 463 (S.D.N.Y. 2008) ...........................................7, 8, 11

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ...........................................11, 12

*Ventura Content, Ltd. v. Motherless, Inc.*,
  2013 WL 11237204 (C.D. Cal. 2013) ...........................................12

*Wilson-Condon v. Allstate Indem. Co.*,
  No. CV 11-05538 GAF (PJWx), 2011 U.S. Dist. LEXIS 86892 (C.D. Cal.
  Aug. 4, 2011) ...........................................2

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

- vi -

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

**Statutes**

15 United States Code
    Section 1114 ................................................................................22

15 United States Code
    Section 1117 ................................................................................22

Business and Professions Code
    Section 17200 .............................................................................16

**Rules**

Federal Rules of Civil Procedure
    Rule 12................................................................1, 11, 20, 22, 23

Federal Rules of Civil Procedure
    Rule 8.................................................................................1, 2, 3, 5

Local Rules
    Rule 7-3..........................................................................................2

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

1

## I.     INTRODUCTION

Mr. Dunham repeatedly and improperly attributes the purported conduct of all "Defendants" to ooShirts and Mr. Lei, solely. (*See e.g.*, Dkt. No. 20 [Opposition to Motion], p. 10.)  The attempt to use incredibly broad and generalized allegations justifies the strict application of Federal Rule of Civil Procedure 8, which requires a plaintiff to plead *each* defendant's role without resort to allegations against "Defendants" as a whole.  *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing complaint where "all defendants are lumped together in a single, broad allegation").

Mr. Dunham also repeatedly re-characterizes his allegations to such an extent that they no longer reflect, in any way, the substance of the Complaint (*e.g.,* Dkt. No. 20, p. 17-18 (setting modified iteration of Paragraph 35)), and, at times, even sets forth entirely new allegations (*id.*, p. 19 (contending complaint contains allegations that products are "inferior")).  Mr. Dunham cannot demonstrate the sufficiency of his claims in this fashion, as it is "axiomatic that [a] complaint may not be amended by briefs in opposition to a motion to dismiss." *Tietsworth v. Sears, Roebuck & Co*., 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010).

In any event, the inescapable reality of Mr. Dunham's Complaint is that it only contains six paragraphs[1] that even reference ooShirts or Mr. Lei.  None of those paragraphs, however, contain any material allegations, or shed any light on ooShirt or Mr. Lei's specific conduct that gave rise to Mr. Dunham's litany of claims.  (*See* Dkt. No. 17, p. 11.)  Thus, ooShirts and Mr. Lei respectfully request that this Court dismiss Mr. Dunham's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

///

///

---

[1] Mr. Dunham's allegations are set forth in a bullet point list in the Motion. (Dkt. No. 17, p. 11.)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

- 1 -

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

## II.    LEGAL ARGUMENT

### A.    Defendants Meet and Conferred in Accordance with Local Rule 7-3

Defendants fully complied with Local Rule 7.3, as they met and conferred as to the substance of their motion more than 30 days prior to the filing deadline. (Mariam Decl., ¶ 2.) On June 3, 2020, Defendants contacted Mr. Dunham's counsel, requesting that they "advise when is a good time to discuss, <u>further to Local Rule 7-3.</u>" (*Id.*, Ex. 1 (emphasis added).)  During the 45-minute conference on June 15, 2020, the parties thoroughly discussed the substance of the present motion, in addition to matters pertinent to their efforts to resolve the matter.  (*Id.*, ¶ 3.)

Further, even if a party fails to comply with Local Rule 7-3 (which is not the case in this instance) courts generally only refuse to hear motions on a showing that the responding party would be prejudiced.  *See Manning v. Dimech*, No. CV 15-05762 RSWL (PJWx), 2015 U.S. Dist. LEXIS 173376, at *6 (C.D. Cal. Dec. 30, 2015) ("[A]s there appears to be no prejudice to Plaintiff in considering Defendants' motion on the merits, the Court hereby exercises its discretion to do so."); *Wilson-Condon v. Allstate Indem. Co.*, No. CV 11-05538 GAF (PJWx), 2011 U.S. Dist. LEXIS 86892, at *1 (C.D. Cal. Aug. 4, 2011) ("[I]t appears that no prejudice will result if the Court considers the motion . . . notwithstanding Plaintiff's failure to comply with Local Rule 7-3").  Mr. Dunham has not made such a showing and, as indicated, Defendants fully complied with the requirements of Local Rule 7-3.

### B.    Mr. Dunham's Complaint Violates Federal Rule of Civil Procedure 8

#### (1)    Broad Allegations Against All "Defendants" Violates Rule 8 Even Where the Bulk of the Defendants are Ficticiously Named

Mr. Dunham appears to contend that broad allegations, which do not differentiate each defendant's individual conduct, are permissible under Federal Rule of Civil Procedure 8 ("Rule 8"), where the bulk of the defendants are fictitiously named.  Rule 8, however, provides no such exemption.

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Indeed, in *Corazon v. Aurora Loan Servs., Ltd. Liab. Co.*, No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712 (N.D. Cal. May 5, 2011), plaintiff filed a complaint against a <u>single</u> named defendant and fifty doe defendants, which was "rife with allegations of various wrongdoing by <u>undifferentiated defendants.</u>" *Id.* at *1 & *8-9 (emphasis added).   There, the court noted that "[u]ndifferentiated pleading against multiple defendants is improper" and a named defendant "should not be required to guess which allegations pertain to it."   *Id.* at *10; *see also Crisp v. Kernan*, No. 2:17-cv-2431 KJN P, 2018 U.S. Dist. LEXIS 96221, at *15 (E.D. Cal. June 7, 2018) ("[P]laintiff does not identify each doe defendant and his or her alleged act . . . This lack of information is insufficient to put prospective defendants on notice . . ."); *Gonzales v. City of Clovis*, No. 1:12-cv-00053-AWI-SKO, 2013 U.S. Dist. LEXIS 12719 (E.D. Cal. Jan. 29, 2013) (noting while a plaintiff may use Doe designations, but he must "distinguish each defendant" as to "identify how each defendant, including those named as Doe, is liable . . .").

### (2)   Mr. Dunham Cannot Avoid Dismissal for Failure to Comply with Rule 8, by Revising His Allegations in an Opposition

Mr. Dunham attempts to demonstrate compliance with Rule 8, representing that he alleged that "OoShirts . . . promote[s], advertise[s], create[s], manufacture[s], distribute[s], and sell products that infringe Dunham's intellectual property." (Dkt. No. 20, p. 5.)   Despite Mr. Dunham's representation, no such allegation is contained in the Complaint. (*See generally* Dkt. No. 1.)

Instead, Mr. Dunham repeatedly alleges that all "Defendants" (defined as Mr. Lei, Ooshirts, and Does 1 through 50) engaged in the aforementioned conduct. (*Id.*, ¶ 2, 35-37, 45, 57, 77.)   Such allegations violate Rule 8, as there is no allegation as to each defendant's role in the alleged harm. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing complaint where "all defendants are lumped together in a single, broad allegation").

///

- 3 -

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

There is simply no way for ooShirts and Mr. Lei to determine which conduct is attributable to each of them, as opposed to Does 1 through 50.  Such is, in part,[2] a byproduct of Mr. Dunham's vague identification of the Does. That is, in the Complaint, the Does are defined to include any person that was "in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged."  (Dkt. No. 1, ¶ 12.)  In other words, the Does include virtually anyone, with any relationship to the parties or facts in this litigation.  The riddle of 'who the Does are,' is only further exacerbated by Mr. Dunham's latest revelations.   In particular, in Paragraphs 100 and 105 of the Complaint, Mr. Dunham sets forth allegations pertaining to third party direct infringers, whereby suggesting that the unidentified third parties and Does 1 through 50 may be one-and-the-same. However, Mr. Dunham's opposition appears to rule out that possibility, as he now contends that the Does are "individuals, companies, and websites that are partnered, operated, or otherwise affiliated with ooShirts and Mr. Lei . . ." (Dkt. No. 13, p. 6.)  ooShirts and Mr. Lei should not be saddled with the exceedingly difficult, if not impossible, task of deciphering Mr. Dunham's (ever evolving) Complaint, in the hope of accurately uncovering the mystery as to which conduct is allegedly attributable to them.

## C.   Mr. Lei Must be Dismissed from the Complaint, as Mr. Dunham Fails to Plead Any Facts Supporting Alter Ego Liability

Mr. Dunham does not dispute that his Complaint is devoid of any facts on which a claim for alter ego may be sustained.  Instead, he asserts that a formulaic recitation of alter ego liability, without any supporting facts, is sufficient to survive a motion to dismiss.  (Dkt. No. 20, p. 7-9.)  Mr. Dunham is mistaken.

"Conclusory allegations of 'alter ego' status are insufficient to state a claim."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D.

---

[2] Numerous other issues are discussed in ooShirts and Mr. Lei's Motion to Dismiss. (Dkt. No. 17, p. 12-15.) However, as Mr. Dunham does not appear to dispute those points, ooShirts and Mr. Lei, for the sake of brevity, do not reiterate the arguments.

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  Cal. 2003).  "[A] plaintiff must allege specifically both of the elements of alter ego

2  liability, as well as <u>facts supporting each</u>." *Id.* at 1116 (emphasis added).

3      There is no shortage of cases in which courts have dismissed alter ego

4  claims on a motion to dismiss.  In *Brennan v. Concord EFS, Inc*., 369 F. Supp. 2d

5  1127 (N.D. Cal. 2005), the court dismissed plaintiffs claim, based merely on the

6  allegations that "Bank One exercised such dominion and control over Bank One,

7  NA and Bank One Arizona that it is liable . . . for the acts of Bank One." 369 F.

8  Supp. 2d at 1136.  Likewise, in *Nordberg v. Trilegiant Corp*., 445 F. Supp. 2d

9  1082 (N.D. Cal. 2006), plaintiff attempted to set forth an alter ego claim, based on

10  the allegation that "Trilegiant is a subsidiary controlled by Cendant and that

11  Cendant has majority representation on Trilegiant's board."  445 F. Supp. 2d at

12  1102. In dismissing the claim, the court held the "lack of any pleaded facts

13  supporting either the notion that inequity will result or that Trilegiant is a mere

14  instrument of Cendant" causes the claim to fail. *Id.*

15      Mr. Dunham seeks to take advantage of his broad allegations against all

16  "Defendants[,]" by alleging that Mr. Lei is one of those defendants and therefore

17  liability may be found in the absence of alter ego allegations.  (Dkt. No. 20, p. 8.)

18  Mr. Dunham's contention ignores the reality that the Complaint lacks any

19  allegations against Mr. Lei, aside from those pertaining to alter ego liability.  (*See*

20  *generally* Dkt. No. 1.)   In any event, the ambiguity surrounding the factual and

21  legal basis for the claims against Mr. Lei only further supports Defendants'

22  argument: Mr. Dunham has failed to comply with the pleading requirements of

23  Rule 8.  Thus, the claims against Mr. Lei should be dismiss.

24  **D.    Claim No. 1: The Copyright Infringement Claim is Not Adequately Plead**

25      Contrary to Mr. Dunham's assertion, *Perfect 10, Inc. v. Giganews, Inc*., 847

26  F.3d 657, 666 (9th Cir. 2017) is unambiguous: the "requirement of causation

27  remains an element of a direct infringement claim." *Id*. (citing *Fox Broad. Co. v.*

28  *Dish Network L.L.C.*, 747 F.3d 1060, 1067 n.3 (9th Cir. 2014) (holding the court

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

did not abuse its discretion in finding user was "the most 'significant and important' cause of the copy")).

Despite rejecting this well-established requirement, Mr. Dunham attempts to demonstrate causation by way of new allegations and the improper attribution of all "Defendants" to ooShirts and Mr. Lei, solely. (Dkt. No. 20, p. 10.) Mr. Dunham's attempt to recast his Complaint ignores its actual substance. In his Complaint, Mr. Dunham alleges: that ooShirts is a service provider in the "business of operating online platforms" that "offer for sale a variety of consumer products, including apparel" (Dkt. No. 1, ¶ 32), and that unidentified "third parties" "design and upload infringing and counterfeit designs" to websites purportedly owned by ooShirts (*Id.*, ¶ 100 & 105). The requisite causation, as required by *Perfect 10*, is not supported by such allegations. Mr. Dunham's allegations show only that third parties "design and upload infringing and counterfeit designs[,]" not that ooShirts or Mr. Lei played any sort of active role in causing the infringement. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 667, 669-70 (9th Cir. 2017) (citing *Fox Broad*, 160 F. Supp. 3d at 1160 ("[T]he distinction between active and passive participation remains a central part of the analysis of an alleged infringement.")).

To the extent Mr. Dunham seeks to distinguish this matter from *Giganews*, *Costar*, and *Fox Broad. Co., Inc.*, he must do so through amendment of the Complaint, not the exaggeration of his conclusory pleading. *See also Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM (SHx), 2013 U.S. Dist. LEXIS 71349, at *50 (C.D. Cal. Mar. 8, 2013) (granting motion to dismiss and noting: "Plaintiff has done little more than recite and <u>at times exaggerate the conclusory allegations</u> in its Complaint.") (emphasis added).

///

///

///

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**E.** **Claim Nos. 2 & 4: Mr. Dunham Fails to Adequately Allege Direct Trademark Infringement**

Mr. Dunham attempts to save his direct trademark infringement claim, by distinguishing this matter from *Tiffany (NJ) Inc. v. eBay, Inc.* (Dkt. No. 20, p. 11-12.) In doing so, Mr. Dunham focuses on his contention that "Defendants" allegedly "advertise, promote, *and manufacture*" the allegedly infringing goods. (*Id.*, p. 12 (emphasis in original).) This allegation is not a basis for distinguishing *Tiffany (NJ).* That is, Mr. Dunham alleges that "third parties . . . design and upload infringing and counterfeit designs[,]" and that the products at issue are only "manufacture[d]" after a visitor "places an order for a product." (Dkt. No. 1, ¶¶ 33 & 105.) As such, Mr. Dunham's contention does not support a finding that "Defendants" used the mark in commerce in a manner likely to cause consumer confusion. *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 792 F.3d 1070, 1073 (9th Cir. 2015) ("Under the Lanham Act, a defendant infringes a trademark when the defendant uses the mark in commerce in a manner likely to cause confusion . . .").

This understanding is confirmed by the ruling in *Lopez v. Bonanza.com, Inc.*, 2019 U.S. Dist. LEXIS 170715 (S.D.N.Y. Sep. 30, 2019).  In that case, plaintiff presented nearly identical allegations, contending that defendant was an "art marketplace and print-on-demand technology company" that allowed "artists" to "upload their images[,] . . . set their price for hundreds of different print-on-demand products including t-shirts."  2019 U.S. Dist. LEXIS 170715, at *18. Plaintiff alleged that the defendant's website "displays, promotes, advertises, sells and offers for sale those products" and that the defendant also "manufactur[es]" and "print[s]" the goods. *Id.*  However, the court dismissed the direct infringement claim based on Plaintiff's failure to plead "use in commerce," reasoning:

> Plaintiff "does not contend that" any of the Online Platform 12(b)(6) Moving Defendants "placed" Plaintiff's marks "on any clothing or other goods" sold on their respective websites, e-commerce platforms, or online marketplaces. The closest Plaintiff comes to

- 7 -

making such an allegation is claiming Pixels "manufactur[es]" and "print[s]" items that infringe his marks. However, <u>it is the artists using Pixels' online marketplace, not Pixels itself, that "place[ ]" the marks on the items</u>, as Plaintiff himself alleges, <u>Pixels merely "fulfills . . . order[s] on behalf of the artists</u>, taking care of the printing, framing, matting, packaging, shipping, collecting payments from the buyers, and sending profits to the artists."

*Id.* at *18-21 (emphasis added). Accordingly, as the allegation on which Mr. Dunham relies does not demonstrate use in commerce, it cannot serve to distinguish the circumstances of this case from *Tiffany (NJ) Inc.*

## F.   Claim Nos. 6-9: The Secondary Infringement Claims Also Fail

### (1)   The Secondary Infringement Claims Fail Because Mr. Dunham Does Not *Adequately* Allege Direct Infringement By a Third Party

Mr. Dunham does not dispute that secondary liability "require[s] some underlying direct infringement by a third party." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008).  Instead, he contends a direct infringement claim was sufficiently stated, by alleging that third parties designed and uploaded the infringing designs.  Such an allegation, however, does not even amount to a barebones recitation of elements of direct copyright or trademark infringement.  *Moroccanoil, Inc. v. Perfumes World Com, Inc.*, 234 F. Supp. 3d 1026, 1030 (C.D. Cal. 2017) (reciting trademark infringement elements); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (reciting copyright infringement elements).

More specifically, although Mr. Dunham identifies purportedly infringing works within the Complaint, he does so solely in conjunction with his misguided attempt to characterize "Defendants" as direct infringers. In doing so, Mr. Dunham fails to even identify the third parties' infringing works. (*See generally* Dkt. No. 1.)  In *Boost Beauty, LLC v. Woo Signature, LLC*, No. 2:18-cv-02960-CAS(Ex), 2018 U.S. Dist. LEXIS 177904, at *14 (C.D. Cal. Oct. 15, 2018), the court confronting similar circumstances noted: "Without either attaching defendants'

- 8 -

1   infringing work or providing additional details that indicate how defendants' non-

2   descript infringing work amounts to a 'substantially similar' copy . . . plaintiff does

3   not allege a claim for copyright infringement."

### (2)   Knowledge of Specific Acts of Contributory Copyright and Trademark Infringement are Not Properly Pled

   a.   <u>The Ninth Circuit Recently Foreclosed the Possibility of Pleading Knowledge Based on a "Whack-a-Mole Problem."</u>

8     In relation to contributory infringement, Dunham asserts that he adequately

9   pled Defendants' knowledge of the specific infringement by alleging that, in game

10  of "whack-a-mole[,]" he repeatedly sent Defendants' DMCA notices (with which

11  Defendants complied), yet Defendants then allegedly "put up for sale new

12  infringing products."

13    Mr. Dunham's arguments are foreclosed by the recent Ninth Circuit opinion

14  in *ALS Scan, Inc. v. Steadfast Networks, Ltd. Liab. Co.*, Nos. 18-55615, 18-56173,

15  2020 U.S. App. LEXIS 22360 (9th Cir. July 17, 2020). In *ALS Scan, Inc.*, the

16  plaintiff (like Mr. Dunham) sent numerous take down notices, each of which were

17  complied with. Frustrated, however, by its "whack-a-mole problem," plaintiff

18  brought suit for contributory infringement. (*Id.* at *4.)  There, the court noted that

19  the "number of notices is legally irrelevant[,]" holding:

20        This court has emphasized that 'actual knowledge of
21        specific acts of infringement' is required. The number of
          notices that [defendant] previously received gives at most
22        a general knowledge that infringement will likely occur
          again in the future; this does not give notice of any
23        specific acts of infringement that are actually occurring.

24  (*Id.* at *4-5.)

25    In addition, Mr. Dunham contends he pled knowledge by alleging that

26  "Defendants" set up a "separate section of one of their websites for all of their Jeff

27  Dunham related-products."  (Dkt. No. 20, p. 15.)  However, Mr. Dunham has not

28  alleged which of the numerous "Defendants" set up this purported "separate

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  section,"[3] nor does he allege knowledge on the part of ooShirts and Mr. Lei as to

2  the existence of the alleged "separate section." (Dkt. No. 1, ¶ 7.) Without more, a

3  website's functionality and features do not impart knowledge on a website provider

4  as to the third parties' purported infringement, nor does it support entitlement to

5  relief. *See Sarvis v. Polyvore, Inc.*, No. 12-12233-NMG, 2013 U.S. Dist. LEXIS

6  112539, at *16 & *24-25 (D. Mass. Aug. 9, 2013) (finding plaintiff did not allege

7  "a plausible entitlement for relief" where he asserted that website's search

8  functions and contests go beyond the mere "storage at direction of a user").

9        b.   *Perfect 10* Does Not Relieve or Eliminate the Obligation to Plead

10              Knowledge in Relation to Contributory Trademark Infringement

11        Presumably, recognizing his failure to set forth any facts in support of

12  "knowledge," Mr. Dunham shifts his strategy, erroneously contending that *Perfect*

13  *10, Inc. v. Visa Int'l Serv. Ass'n* eliminates any obligation to plead "knowledge."

14        To the contrary, in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456

15  U.S. 844 (1982), the Supreme Court held that "[t]o be liable for contributory

16  trademark infringement, a defendant must have . . . continued to supply an

17  infringing product to an infringer <u>with knowledge</u> that the infringer is mislabeling

18  the particular product supplied." 456 U.S. at 855. Although *Inwood*'s test applies

19  on its face to product suppliers, courts have extended the test to service providers.

20  In *Perfect 10*, the Ninth Circuit concluded that *Inwood*'s test applies where the

21  service provider exercises sufficient control over the infringing conduct. *Perfect*

22  *10, Inc.*, 494 F.3d at 807. As the service provider in *Perfect 10* lacked the requisite

23  control, the plaintiff failed to plead a viable claim for contributory infringement,

24  and therefore there was no need to engage in an analysis of whether the service

25  provider has the requisite knowledge. *Id.*

26

27  _____

28  [3] Indeed, Mr. Dunham could not make this allegation against ooShirts and Mr. Lei, as any "separate section" would have been created *entirely* by independent, third party sellers. (Dkt. No. 17, p. 9-10.)

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  By comparison, in matters where the requisite control is found, courts

2  applying the *Inwood* test, have made a determination as to the service provider's

3  knowledge of the direct infringement. *See Louis Vuitton Malletier, S.A. v. Akanoc*

4  *Sols., Inc.*, 591 F. Supp. 2d 1098, 1111 (N.D. Cal. 2008) ("Under [the *Inwood*]

5  framework, a plaintiff must prove that the defendant had knowledge and "[d]irect

6  control and monitoring of the instrumentality used by the third party to infringe the

7  plaintiff's mark."); *Tiffany (NJ) Inc. v. eBay, Inc.,* 576 F. Supp. 2d 463, 518

8  (S.D.N.Y. 2008) ("[U]nder the *Inwood* test, the appropriate measure is whether

9  eBay <u>knew</u> or had reason to know of . . . the infringement; . . . generalized

10  knowledge is insufficient to impute knowledge of any and all instances of

11  infringing activity to eBay.").

**(3)  The Vicarious Copyright Infringement Claim Fails, as Mr. Dunham Does Not Adequately Allege a Right and Ability to Control**

14  Mr. Dunham does not dispute that a vicarious copyright infringement claim

15  requires allegations that ooShirts and Mr. Lei had the "right and ability to

16  supervise" the third party's infringing conduct. *Perfect 10, Inc. v. Giganews, Inc.*,

17  847 F.3d 657, 673 (9th Cir. 2017).

18  Instead, Mr. Dunham inexplicably contends that ooShirts ignored his "well-

19  pled allegations" in Paragraph 101 (i.e., that "Defendants" had the "legal right" and

20  "practical ability" to stop copyright infringement," and the "ability and means to

21  monitor" the websites).   In fact, the totality of the Motion, as it pertains to

22  vicarious copyright infringement, is devoted to the insufficiency of Paragraph 101.

23  (Dkt. No. 20, p. 17-18.)  As explained in the Motion, in *UMG Recordings, Inc. v.*

24  *Shelter Capital Partners LLC*, 718 F.3d 1006 (9th Cir. 2013), the Ninth Circuit,

25  reviewing similar allegations, affirmed the district court's dismissal of the

26  vicarious copyright infringement claim pursuant to Rule 12(b)(6).  718 F.3d at

27  1029.  There, the Ninth Circuit held that, in order for a service provider to have a

28  "right and ability to control," "something more" must be pled beyond the mere

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   "ability to remove" and "search[ ] for potentially infringing content." *Id.* at 1030.

2   Likewise, in *Ventura Content, Ltd. v. Motherless, Inc.*, 2013 WL 11237204 at *39-

3   41 (C.D. Cal. 2013), the court held that defendant did not exert substantial

4   influence over user activity, even though the defendant had an awards program for

5   the most content uploaded and approved the "groups" in which the content was

6   posted. Collectively, *UMG Recordings* and *Motherless* demonstrate the

7   insufficiency of Paragraph 101.

8         Nonetheless, Mr. Dunham attempts to distinguish *UMG Recordings.* In

9   doing so, however, Mr. Dunham does not rely on the substance of his admittedly

10  relevant allegations contained in Paragraph 101.  Instead, he puts forth an entirely

11  new allegation, asserting "Defendants . . . <u>play a direct role</u> in the infringement,

12  advertising, promoting, creating, manufacturing, and distributing the infringing

13  products themselves."  (Dkt. No. 20, p. 17-18.)  This allegation appears to be a

14  modified iteration of Paragraph 35 of the Complaint, which is made in connection

15  with Mr. Dunham's attempt to characterize "Defendants" as direct infringers; it

16  was not made in relation to "Defendants" alleged role as secondary infringer, nor

17  does Mr. Dunham allege any relationship between the third parties' direct

18  infringement and that of the "Defendants." (Dkt. No. 20, p. 10 (citing Paragraph 35

19  in relation to argument that "Defendants" are direct infringers).)  As such, this

20  allegation cannot be considered a basis on which to distinguish *UMG Recordings*,

21  as it does not even pertain to his claim for contributory infringement.

22        Ultimately, Mr. Dunham should not be permitted to selectively rewrite, or

23  otherwise recast, his allegation as necessary to avoid dismissal of his Complaint.

24  Thus, as he fails to adequately allege that ooShirts and Mr. Lei had the "right and

25  ability to supervise" the third party's infringing conduct, his claim for vicarious

26  copyright infringement must be dismissed. *See Perfect 10, Inc. v. Giganews, Inc.*,

27  847 F.3d 657, 673 (9th Cir. 2017) (reciting requirements to plead claim).

28  ///

-12-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**(4)    The Vicarious Trademark Infringement Claim Fails, as the Third Parties' Relationship with ooShirts is Not Plead**

To state a contributory trademark infringement claim, a plaintiff must plead facts sufficient to show "that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." (Dkt. No. 17, p. 24-25, (citing *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007)).) In his opposition, Dunham asserts that he adequately plead all "three independent grounds for establishing liability for vicarious trademark infringement," by way of his allegations in Paragraphs 33 and 105.[4]  (Dkt. No. 20, p. 18-19.) Such, however, is not so.

First, Paragraph 33 states, "once a visitor . . . places an order for a product, Defendants manufacture the product, ship it to the customer, process the payment, and retain profits from the sale."  (Dkt. No. 1, ¶ 33.)  However, the Complaint contains no allegations connecting the described process to the third parties' direct infringement; instead, the allegation is made in the context of Mr. Dunham's attempt to characterize "Defendants" as direct infringers.  (*See* Dkt. No. 20, p. 10 (discussing Paragraph 33 in relation to direct infringement claim).)  Further, even assuming, simply for the sake of argument, that Paragraph 33 outlines the process by which third parties' products would be manufactured, the allegation, standing alone, is insufficient to sustain the vicarious infringement claim. That is, Mr. Dunham fails to allege that a single visitor ever placed an order for an infringing product designed by the relevant third parties. (*See* Dkt. No. 1, ¶¶ 105-107.) By Mr. Dunham's own allegation, in the absence of such an order no products would

---

[4]  Mr. Dunham's opposition also identifies Paragraph 95. (Dkt. No. 20, p. 18.)  However, Paragraph 95 bears no relationship to his *vicarious* trademark infringement claim, as it is specifically plead in connection with the claim for contributory infringement. (*See* Dkt. No. 1, ¶¶ 104-107.) The inapplicability of Paragraph 95 is also confirmed by Paragraph 104, which excludes Paragraph 95 from those to be considered in relation to the claim. (*Id.*, ¶ 104 ("Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 of the Complaint . . .").)

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

1  have ever been manufactured. (*Id.*, ¶ 33, ("[O]nce a visitor . . . places an order for a

2  product, Defendants manufacture the product . . .").) It would be impossible to

3  establish the "exercise [of] joint ownership or control over the <u>infringing</u>

4  <u>product</u>[,]" when no such products were ever manufactured (because no visitor is

5  alleged to have placed an order). *Perfect 10, Inc.*, 494 F.3d at 807 (emphasis added).

6      Second, Paragraph 105 provides, "Defendants . . . and the third parties who

7  are in an actual and/or apparent partnership, have the authority to bind one another

8  in transactions with third parties, and/or exercise joint control or ownership over

9  the Infringing Products . . ." (Dkt. No. 1, ¶ 105.) Such indisputably amounts to no

10  more than a threadbare recital of the elements of vicarious trademark infringement.

11  Courts have repeatedly dismissed vicarious infringement claims based on similar

12  conclusory allegations.  For example, in *BMW of N. Am., LLC v. Win.It Am., Inc.*,

13  No. CV 17-8826 PSG (MRWx), 2018 U.S. Dist. LEXIS 228740 (C.D. Cal. Mar.

14  14, 2018), plaintiff alleged that "[d]efendants had the right and ability to supervise

15  and/or control the infringing activity of their customers." 2018 U.S. Dist. LEXIS

16  228740 at *17. There, the court dismissed plaintiff's claim, noting that the

17  "allegation cited to by Plaintiffs for this proposition is wholly conclusory and

18  devoid of factual support." *Id.* at *18; *see also Car-Freshner Corp. v. Getty*

19  *Images, Inc.*, 822 F. Supp. 2d 167, 181 (N.D.N.Y. 2011) (holding recitation of

20  vicarious infringement elements insufficient to state a claim).

21  **G.    Claim No. 3: The Trademark Dilution Claim Fails**

22      **(1)    Mr. Dunham Does Not Sufficiently Plead Dilution by Tarnishment**

23      In his opposition, Mr. Dunham clarifies that his claim for dilution is based

24  on a theory that his allegedly "valuable and famous trademarks" are being

25  "tarnished." (Dkt. No. 20, p. 19.)  "Tarnishment is present when a famous mark is

26  improperly associated with an inferior or offensive product or service." *Playboy*

27  *Enters., Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002).  In an attempt to demonstrate

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-14-

1  that he adequately alleged tarnishment, Mr. Dunham cites to Paragraphs 42 and 67.

2  (Dkt. No. 20, p. 19.)

3      First, Paragraph 42 provides, "Dunham's representatives have been

4  informed by . . . consumers that they believe Dunham is selling the Infringing

5  Products . . . to profit from the COVID-19 pandemic (he is not) . . . ." (Dkt. No. 1,

6  ¶ 42.) As a preliminary matter, Mr. Dunham does not identify which products were

7  purportedly sold in order to profit from the COVID-19 pandemic. (*Id.*) However,

8  to the extent Mr. Dunham bases his claim on the face mask (*see id.*, ¶ 6), he fails to

9  provide any explanation, for his otherwise inexplicable[5] position, that a non-

10  medical grade/cotton "face mask" is considered an offensive product. *See*

11  *Nordstrom, Inc. v. Nomorerack Retail Grp., Inc.*, No. C12-1853-RSM, 2013 U.S.

12  Dist. LEXIS 41810, at *35 (W.D. Wash. Mar. 25, 2013) ("A trademark may also

13  be diluted by tarnishment if the mark loses its ability to serve as a

14  'wholesome identifier' of the plaintiff's product."); *PlayMakers, LLC v. ESPN,*

15  *Inc.*, 297 F. Supp. 2d 1277, 1285 (W.D. Wash. 2003) (indicating tarnishment

16  "generally . . . involves sexual activity, obscenity, or illegal activity.").

17      Presumably, Mr. Dunham has chosen not to explain his contention fully,

18  knowing it is without basis, given that he has decided to sell face covering (i.e.,

19  bandanas) on his own website. *See Navajo Nation v. Urban Outfitters, Inc.*, 935 F.

20  Supp. 2d 1147, 1167-69 (D.N.M. 2013) (striking dilution based on tarnishment, as

21  flask was not "unwholesome," given that defendant casino operator utilized

22  imagery of shot glasses).

23      Second, despite Mr. Dunham's characterization of Paragraph 67 in his

24  opposition, the paragraph does not allege the "sale of inferior and offensive

25  products." (Dkt. No. 1, ¶ 67 ("unauthorized use . . . is likely to dilute . . . the

---

26

27   [5] The Center for Disease Control and Prevention recommends that people wear masks in public

28  settings when outside of their household, especially when other social distancing measures are difficult to maintain. *See* About Face Mask, CDC. In California, face masks have been mandated whenever one is outside of their home and unable to maintain a physical distance of 6 feet" from others. *See* Guidance for the Use of Face Coverings, California Department of Public Health.

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1    distinctive quality of . . . Trademarks, in that Defendants' conduct is likely to

2    create . . . an association between the Infringing Products and the . . . Trademarks

3    . . .".) Indeed, nowhere in the Complaint does Mr. Dunham allege that the

4    purportedly infringing products are "inferior."  (*See generally* Dkt. No. 1.)  In any

5    event, as discussed in the Motion (Dkt. No. 17, p. 26-27), Paragraph 67 offers no

6    supportive facts and is insufficient to support Mr. Dunham's claim for dilution.

7    *See Klein Elecs., Inc. v. Boxwave Corp.*, No. 10cv2197 WQH (POR), 2011 U.S.

8    Dist. LEXIS 69525 (S.D. Cal. June 27, 2011) (dismissing dilatation claim, offering

9    no more than "a formulaic recitation of the elements").

**H.     Claim No. 5: The Claim(s) for Unfair Competition Must Be Dismissed**

**(1)     The Common Law and Statutory Unfair Competition Claim(s) Must Be Dismissed As They Are Not Separately Alleged**

Despite  pleading  a  single  claim,  entitled  "Common  Law  Unfair

Competition," Mr. Dunham now asserts that, in fact, he has set forth two claims for

unfair competition: a common law claim and a statutory claim, under Business and

Professions Code, section 17200. In an attempt to defend the manner in which he

pled his claim(s) Mr. Dunham cites to *Sessions v. Chrysler Corp.*, 517 F.2d 759,

760-61 (9th Cir. 1975).  That case, however, bears no conceivable relation to Mr.

Dunham's pleading issue, as it pertained to a ruling on a motion to dismiss for

failure to prosecute.

Here, by Mr. Dunham's own admission, he impermissibly lumps together

multiple distinct claims into a single count.  *See Sybersound Records, Inc. v. UAV*

*Corp.*, 517 F.3d 1137, 1142, 1153 (9th Cir. 2008) (separately affirming dismissal

of common law and statutory unfair competition claims). Numerous courts within

the Central District alone have dismissed "shotgun pleadings," like that submitted

by Mr. Dunham.  *See Revplus, Inc. v. Donde*, No. SACV 11-1583 AG (ANx), 2012

U.S. Dist. LEXIS 199211, at *12 (C.D. Cal. Sep. 14, 2012) ("The Court agrees that

Donde  has  impermissibly  lumped  together  several  claims  into  one . . . This

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-16-

'shotgun' style pleading should be discouraged because it confuses both the parties and the court."); *Aranda v. Cty. of L.A.*, No. 2:19-CV-01770-RGK-RAOx, 2020 U.S. Dist. LEXIS 34780, at \*19 (C.D. Cal. Feb. 6, 2020) ("Defendants argue that B.A. uses a 'shotgun pleading style' and 'impermissibly lumps together claims and defendants.' The Court agrees.").

### (2) Mr. Dunham's Newly Alleged "Separate Elements" Do Not Save His Unfair Competition Claim

Next, Mr. Dunham contends his statutory unfair competition claim is not preempted by the Copyright Act. In support, Mr. Dunham asserts that the claim "contains extra elements . . . separate and apart from what one must allege as part of a copyright infringement claim." (Dkt. No. 20, p. 20.) These "separate elements," according to Mr. Dunham, include allegations of "deception, exploitation of reputation, and misappropriation of his rights of publicity." (*Id.*)

As a preliminary matter, Mr. Dunham did not allege these "separate elements" in his unfair competition claim. (*See generally* Dkt. No. 1, ¶¶ 85-88.) Nor, does Mr. Dunham's vague assertion regarding "deception" and "exploitation of reputation" shed light on the conduct underlying the claim, given that the claim, as pled, incorporates by reference all of Mr. Dunham's general allegations. *See Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG (ANx), 2010 U.S. Dist. LEXIS 66233, at \*11-12 (C.D. Cal. June 30, 2010) ("Shotgun pleadings . . . overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses . . . They are unacceptable. One common type . . . is where the plaintiff recites a collection of general allegations . . . and then 'each count incorporates every antecedent allegation by reference.'").

Further, to the extent Mr. Dunham contends the claim for unfair competition is also reliant on publicity rights allegations, the claim would still be preempted by the Copyright Act. That is, as discussed below, the publicity right claim is also

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-17-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   preempted by the Copyright Act and therefore, that claim cannot serve as the

2   foundation on which an unfair competition claim may be alleged.  For example, in

3   *Maloney v. T3Media, Inc*., 853 F.3d 1004 (9th Cir. 2017), plaintiffs asserted

4   publicity-right claims and an unfair competition claim, based on defendants'

5   alleged exploitation of plaintiff's likenesses, by selling licenses permitting

6   consumers to download photographs.  853 F.3d at 1007.  There, the district court

7   concluded "that the plaintiffs' UCL claim was derivative of the publicity-right

8   claims, and thus . . . it failed because the publicity-right claims were preempted by

9   the Copyright Act." On appeal, the court affirmed.  *Id.* at 1008-1009.

10   Finally, the authority cited by Mr. Dunham to the contrary is unavailing, as

11   the facts bear no resemblance to Mr. Dunham's purported "separate elements."  In

12   *Ticketmaster Corp. v. Tickets.com, Inc*., 54 U.S.P.Q.2d 1344 (C.D. Cal. 2000),

13   plaintiff asserted a copyright claim, based on the "printing [of] factual information

14   derived from the Ticketmaster interior web pages." The portion of plaintiff's unfair

15   competition claim that was permitted to stand pertained to unrelated allegations,

16   including defendant's unauthorized control of Ticketmaster's event pages. 54

17   U.S.P.Q.2d 1344, at *11. Indeed, the Court did find the unfair competition claim

18   preempted "insofar as it allege[d] the taking and publication of factual data." *Id.*

19   ## I.   Claim Nos. 10-11: The Publicity Rights Claims are Preempted

20   Mr. Dunham contends that his publicity-rights claims are not preempted,

21   asserting that the claims are based on use of his "name and likeness for commercial

22   purposes *in advertisements* . . . on their websites, . . . and by using his name in

23   spam[6] *advertisements* to convince third parties to purchase infringing

24   merchandise." (Dkt. No. 20, p. 21 (emphasis in original).)

25   This allegation, however, was never made in Mr. Dunham's Complaint.

26   (*See* Dkt. No. 1.) Instead, Mr. Dunham defines the "bedrock" of his "persona" as

27

28   ---

[6] It is entirely unclear what Mr. Dunham means by "spam" advertisements, given that the term is never used in his Complaint and not explained in his opposition. (*See* Dkt. No. 1; Dkt. No. 20, p. 20-21.)

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   consisting of his use of the copyrighted "characters." (Dkt. No. 1, ¶ 24.) Mr.

2   Dunham, then, alleges that his publicity rights were violated by "Defendants'"

3   exploitation of his "name and likeness" (i.e., persona) in connection with their

4   "advertisement, marketing, promotion, manufacture, and sale" of the purportedly

5   infringing products. (*Id*., ¶ 37.) In support of that allegation, Mr. Dunham also

6   provides an image, which, in accordance with Mr. Dunham's defined "persona[,]"

7   depicts his copyrighted "characters." (*Id.*) In other words, the "crux" of Mr.

8   Dunham's publicity rights claims is the alleged unauthorized reproduction of his

9   copyrighted works (i.e., the "characters" which form the "bedrock" of his

10  "persona").   As such, the subject of Mr. Dunham's claim is a "work fixed in a

11  tangible medium of expression" that is "within the subject matter or scope of

12  copyright protection" (i.e., copyrighted "characters"). *Fleet v. CBS*, 50 Cal. App. 4th

13  1911, 1919 (1996).

14      Notably, *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996), which Mr.

15  Dunham does not address, confirms that the claims at issue are preempted. There,

16  plaintiff (who had an acting role in a motion picture) brought suit based on the

17  unauthorized use of his photograph and likeness on advertising materials for the

18  motion picture.   There, the court held the actors' right of publicity claims were

19  preempted because the claims were essentially derived from the copyrighted

20  performances in the film and <u>not the actors' identities</u>.  *Id.* at 1924.  The same is

21  true of Mr. Dunham's claims, as they rest on his allegation that the "bedrock" of

22  his "persona" is his copyrighted "characters."

23      The authority cited by Mr. Dunham does not support any other understanding

24  of the present preemption analysis. In *Hoffman v. Capital Cities/ABC, Inc.*,[7] 33 F.

---

[7] On appeal, the Ninth Circuit reversed the district court's order granting summary judgment, including with respect to the publicity-rights claim. Although the Ninth Circuit declined to rule on preemption, its failure to do so should not be interpreted as an endorsement of the logic expounded by the district court. *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1189 n.4 (9th Cir. 2001) ("Because we conclude that the First Amendment protects [defendant's] use of the 'Tootsie' photograph, we need not address [defendant's] argument that Hoffman's state law claims are preempted by the federal Copyright Act.").

-19-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Supp. 2d 867 (C.D. Cal. 1999), plaintiff Dustin Hoffman brought suit after an image from the movie *Tootsie* was manipulated, so that Mr. Hoffman was portrayed in a "contemporary silk gown . . . and high-heel shoes . . ." *Id.* at 870. The image was followed by the text: "Dustin Hoffman isn't a drag in a butter-colored silk gown by Richard Tyler and Ralph Lauren heels." *Id.* Although the district court held that the work was not "within the subject matter of copyright[,]" such appears predicated on the fact that the work contained transformative elements. *Id.* at 871 (indicating publicity rights claim involved "degrading" portrayals, with celebrities appearing in clothes they "never actually wore"); *see Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1189 n.4 (9th Cir. 2001) (noting photograph contained "significant transformative elements"). Mr. Dunham's alleged claim does not involve allegations of transformative elements. (*See* Dkt. No. 1, ¶ 37.)

**J.      Claim Nos. 5, 10-11: The CDA Bars the State Law Claims**

      **(1)      CDA Immunity May Be Determined on a Motion to Dismiss.**

Mr. Dunham contends the CDA "is not a proper basis for granting a motion to dismiss. Such a proposition is contrary to the widely accepted understanding that "an affirmative defense properly may be considered on a Rule 12(b)(6) motion where the defense is 'apparent from the face of the [c]omplaint.'" *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1103 (N.D. Cal. 2011). On this basis, numerous courts have resolved the applicability of CDA immunity at the pleading stage. *See PC Drivers Headquarters, LP v. Malwarebytes Inc.*, 371 F. Supp. 3d 652, 659 (N.D. Cal. 2019) and *La Park La Brea A LLC v. Airbnb, Inc.*, 285 F. Supp. 3d 1097, 1103 (C.D. Cal. 2017) (rejecting argument that CDA immunity cannot be resolved at pleading stage); *Fyk v. Facebook, Inc.*, 808 F. App'x 597, 597-99 (9th Cir. 2020) (affirming dismissal based on CDA immunity).

Notably, the cases cited by Mr. Dunham do not create a bright line rule against resolving CDA immunity issues at the pleading stage. For example, in

-20-

1    *Swift v. Zynga Game Network, Inc.*, No. C 09-05443 SBA, 2010 U.S. Dist. LEXIS

2    117355 (N.D. Cal. Nov. 2, 2010), defendants moved to dismiss on the basis of

3    CDA immunity, and the court devoted substantial analysis to the issue. The court,

4    however, determined under the circumstances of the case that it could not resolved

5    the issue at that stage.  2010 U.S. Dist. LEXIS 117355, at *17.

6    **(2)    ooShirts and Mr. Lei are "Interactive Service Providers" with**
       **CDA Immunity**

7

8            In addition, Mr. Dunham asserts the CDA is inapplicable as "Defendants are

9    not a passive, innocent internet service provider."  This Motion, however, does not

10   concern all "Defendants"; it pertains solely to ooShirts and Mr. Lei.  As to ooShirts

11   and Mr. Lei, Mr. Dunham merely alleges that they are "in the business of operating

12   online platforms," but that third parties are the ones who "design and upload" the

13   infringing content. (*See* Dkt. No. 1, ¶¶ 11, 32, 100, 105; *Fair Hous. Council v.*

14   *Roommates.com, LLC*, 521 F.3d 1157, 1162 n.6 (9th Cir. 2008) ("[T]he most

15   common interactive services are websites.").)   As such, ooShirts and Mr. Lei

16   qualify for CDA immunity: they are "interactive service providers," who publish

17   content willingly provided by third parties. *See Carafano v. Metrosplash.com. Inc.*,

18   339 F.3d 1119, 1124 (9th Cir. 2003) ("[S]o long as a third party willingly provides

19   the essential published content, the interactive service provider receives full

20   immunity regardless of the specific editing or selection process.").

21           Thus, Mr. Dunham's state law claims are barred by CDA immunity.  *See*

22   *also Fair Hous. Council*, 521 F.3d at 1174-75 ("Websites are complicated

23   enterprises, and there will always be close cases . . . Such close cases, we believe,

24   must be resolved in favor of immunity.").

25   ///

26   ///

27   ///

28   ///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-21-

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**K.**     **Portions of Mr. Dunham's Prayer for Relief Should Be Struck**

**(1)     Reasonable Inferences Lead to the Undeniable Conclusion that ooShirts is an "Innocent Printer"**

Despite Mr. Dunham's repeated argument to the contrary, "an affirmative defense properly may be considered on a Rule 12(b)(6) motion where the defense is 'apparent from the face of the [c]omplaint.'"  *Holomaxx Techs.*, 783 F. Supp. 2d at 1103. Here, the innocent printer defense, which simply requires that the defendant be "solely in the business of printing the mark," is readily apparent from the language of the Complaint. (*See* Dkt. No. 1, ¶¶ 33 & 105; 15 U.S.C. § 1114(2)(A).)  Dunham alleges that "third parties . . . design and upload infringing and counterfeit designs[,]" and that the products at issue are only "manufacture[d]" after a visitor "places an order for a product."  (*Id.*)

To sustain his claim as against an "innocent" printer, Mr. Dunham would need to plead "actual malice." Such requires allegations that the printer acted with "knowledge of the (continued) infringement" or "with reckless disregard as to whether the material infringed the trademark owner's rights."  *Gucci Am., Inc. v. Hall & Assocs.*, 135 F. Supp. 2d 409, 419 (S.D.N.Y. 2001) (citing *New York Times v. Sullivan*, 376 U.S. 254 (1964).) Although Mr. Dunham indicates in his opposition that he has pled such – he has not, in fact, done so.[8]

Thus, the portions of Mr. Dunham's prayer for relief, which seek monetary damages in relation to his trademark claims, should be struck from the Complaint.

**(2)     Counterfeiting Damages Are Not Available Unless the Infringer Used the Mark in Commerce**

Contrary to Mr. Dunham's assertion, his allegations (including those cited in his opposition) are insufficient to establish a right to counterfeiting damages under 15 U.S.C. § 1117(c). To recover such damages, Mr. Dunham must set forth facts

---

[8] The only allegation remotely related, to the extent it contains the language "reckless disregard," is pled solely in relation his claim for violation of his publicity rights. (Dkt. No. 1, ¶ 125.)

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  sufficient to show "use of a counterfeit mark" in commerce. As discussed more

2  fully in Section II.E., Dunham alleges that "third parties . . . design and upload

3  infringing and counterfeit designs[,]" and that the products at issue are only

4  "manufacture[d]" after a visitor "places an order for a product." (Dkt. No. 1, ¶ 33,

5  105.) As such, Paragraph 6 of Mr. Dunham's Prayer for Relief must be struck from

6  the Complaint. *See Lopez v. Bonanza.com, Inc.*, 2019 U.S. Dist. LEXIS 170715,

7  \*18-21 (S.D.N.Y. Sep. 30, 2019) (dismissing trademark infringement where "print-

8  on-demand technology company" merely allowed "artists" to "upload their

9  images" to be printed onto merchandise; finding "it is the artists using

10 [defendant's] online marketplace, not [defendant] itself, that 'place[ed]' the marks

11 on the items, as Plaintiff himself alleges, [defendant] merely "fulfills . . . order[s]

12 on behalf of the artists.")

## III.    CONCLUSION

14       For the foregoing reasons, ooShirts and Mr. Lei respectfully request that this

15 Court dismiss Mr. Dunham's Complaint, pursuant to Federal Rule of Civil

16 Procedure 12(b)(6). Further, to the extent this Court is inclined to grant Mr.

17 Dunham leave to amend the pleading, ooShirts and Mr. Lei request that such leave

18 be limited to amendment of those claims, which are not barred as a matter of law.

20 Dated:  August 21, 2020               Respectfully submitted,

21                                       GORDON & REES SCULLY
22                                       MANSUKHANI, LLP

23                                       By:  /s/Craig J. Mariam
                                              Craig J. Mariam
24                                            Garrett M. Fahy
                                              Stephanie L. Cobau
25                                            Attorneys for defendants,
                                              Raymond Lei and ooShirts, Inc.

RAYMOND LEI AND OOSHIRTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT