UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3716-DMG (MAAx)** | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 1 of 15 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [17]**

On April 23, 2020, Plaintiff Jeff Dunham, individually and as trustee of The Jeff Dunham Trust ("the Trust"), filed a Complaint against Defendants ooShirts, Inc. doing business as Teechip and Teechili ("ooShirts"), Raymond Lei, and Doe Defendants 1-50, alleging the following claims: (1) copyright infringement, (2) trademark and trade dress infringement and counterfeiting, (3) trademark and trade dress dilution, (4) false designation of origin, (5) unfair competition, (6) contributory copyright infringement, (7) contributory trademark and trade dress infringement and counterfeiting, (8) vicarious copyright infringement, (9) vicarious trademark and trade dress infringement and counterfeiting, (10) violation of California Civil Code section 3344, and (11) common law misappropriation of the right of publicity. [Doc. # 1.] On July 6, 2019, Defendants filed a Motion to Dismiss ("MTD") all of Dunham's claims. [Doc. # 17.] The MTD is fully briefed. [Doc. # 20 ("Opp."), # 21 ("Reply")].

For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

**II.
FACTUAL AND PROCEDURAL BACKGROUND**[1]

Dunham is a celebrity ventriloquist and a comedian who has millions of social media followers and has sold tens of millions of copies of his stand-up comedy specials. Compl. at ¶¶ 20-21. Defendant ooShirts is a corporation that operates online platforms, including

---

[1] The Court assumes the truth of Dunham's factual allegations in the Complaint solely for the purpose of deciding the MTD. But Defendants' MTD improperly relies on facts not alleged in or attached to the Complaint. *See* MTD at 10 (describing its terms of use and other policies). Defendants do not argue that those facts are subject to judicial notice under Federal Rule of Evidence 201, and the Court concludes that they are not. Because to rely on those facts would convert the instant MTD into a premature motion for summary judgment under Rule 56, the Court does not rely on Defendants' additional facts in resolving this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 2 of 15 |

www.teechip.com and www.teechili.com, which offer for sale a variety of consumer products. *Id.* at ¶ 32. Customers may place an order for an item on ooShirts' websites, then ooShirts manufactures and ships the ordered item. *Id.* at ¶¶ 33-34. At least some of the designs on ooShirts' websites are designed and uploaded by third parties, who then pay ooShirts a percentage of every sale of their design. *Id.* at ¶ 100. Lei directly owns and/or operates ooShirts, www.teechip.com, and www.teechili.com. *Id.* at ¶¶ 10-11.

Dunham is best-known for utilizing distinctive, recurring characters in his comedy specials, including "Achmed," "Bubba J," "Jose Jalapeno on a Stick," "Peanut," and "Walter." Compl. at ¶¶ 22-26. Dunham registered a copyright in each of these characters (the "Dunham Copyrights"), as well as trademarks for his likeness and the characters on merchandise such as clothing, blanket throws, and dolls (the "Dunham Trademarks"), and assigned those rights to the Trust, of which he is the Trustee. Compl. at ¶¶ 27-28; *id.*, Ex. A [Doc. # 1-1], B [Doc. # 1-2]. The characters' appearance also includes protectable trade dress (the "Dunham Trade Dress"), which is owned by Dunham. *Id.* at ¶ 30. For over a decade, Dunham has marketed and sold merchandise such as t-shirts and other apparel incorporating the Dunham Copyrights, Dunham Trademarks, and Dunham Trade Dress (together, the "Dunham Intellectual Property") on his website, at retail stores, and at his live shows. *Id.* at ¶¶ 25-26, 31.

OoShirts has sold and is selling merchandise, such as t-shirts, sweatshirts, mugs, bags, and posters, featuring Dunham's Intellectual Property, without his permission. Compl., Ex. C-1 [Doc. # 1-3], C-2 [Doc. # 1-4], D [Doc. # 1-5]. Many of the products sold on ooShirts' websites use exact replicas of Dunham Intellectual Property. *Id.* at ¶ 36. Merchandise sold on the sites includes COVID-19 face masks featuring Dunham's characters, which has "led fans of the Plaintiff to ask him whether he was improperly trying to profit off of the COVID-19 pandemic by selling these COVID-19 products." *Id.* at ¶¶ 2, 6, 42. OoShirts has also utilized advertising featuring the Dunham Intellectual Property. Compl. at ¶¶ 36-38'; *id.*, Ex. C Part 1 [Doc. # 1-3 at 14]. One of ooShirts' sites, teechili.com, has an entire section of the site specifically marketing "Jeff Dunham" products under a header displaying his name and depicting him sitting on a couch with his characters. *Id.* at ¶¶ 37, 40. The products on the "Jeff Dunham" storefront are listed as being "From Jeff Dunham." *See, e.g., id.* Ex. C Part 1 [Doc. # 1-3 at 88].

Dunham has sent Digital Millennium Copyright Act ("DMCA") notices to Defendants on multiple occasions over the past two years, asking for merchandise that allegedly infringes the Dunham Intellectual Property to be removed. *Id.* at ¶¶ 3, 90. Although some allegedly infringing merchandise has been removed, the same merchandise continues to be put back on ooShirts' sites, in addition to new infringing products, in what Dunham describes as a years-long game of "whack-a-mole." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|

| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 3 of 15 |
|---|---|---|---|

Dunham now seeks injunctive relief, damages, and disgorgement of profits based on 11 causes of action. *Id.* at 32.[2]

## III.
## LEGAL STANDARD

**A.     Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a litigant violates Rule 8 where "the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A claim may be dismissed for a violation of the Rule 8 "short and plain statement" requirement independent of Rule 12(b)(6). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other

---

[2] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 4 of 15 |

facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## IV.
## DISCUSSION

Defendants set forth several grounds for dismissal.[3] First, they argue that all of Dunham's claims should be dismissed because his Complaint fails to comply with Federal Rule of Civil Procedure 8 by not sufficiently differentiating between Defendants ooShirts, Lei, and the 50 Doe Defendants. MTD at 9. Defendants also argue for dismissal of each claim as a matter of law. *Id*.

**A.      Rule 8 and Defendant Lei's Liability**

"The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Thus, "a complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively." *Id*. Where "all defendants are lumped together in a single, broad allegation," the Rule 8 notice requirement is not satisfied. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). This does not mean, however, that "a plaintiff's assertion of claims against 'Defendants' will automatically be deficient." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).

Construing the pleadings in the light most favorable to Dunham, the Court concludes that the Complaint gives sufficient notice to ooShirts and Lei that the allegations against "Defendants" are against both of them. Dunham alleges that Lei is the owner and/or alter ego of ooShirts, and that all infringement, unfair competition, misappropriation, and other wrongful activity took place on the websites run by ooShirts, including www.teechip.com, and www.teechili.com. Compl. at ¶¶ 10-11, 32-37. The Complaint also describes the fictitiously named Doe Defendants as other individuals or corporations involved in the alleged copyright, trademark, and other claims at issue. *Id*. at ¶¶ 12-14. Like in *Adobe*, the "gravamen of [Plaintiff's] allegations in the instant lawsuit are that all the Defendants infringed on [Plaintiff's] trademarks and copyrights," and, except as discussed in more detail below, the allegations are

---

[3] Dunham argues that the motion should be dismissed for lack of compliance with Rule 7-3. *See* Opp. at 10. The parties disagree as to whether their conference on June 15, 2020, covered "the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Because the MTD is fully briefed and it appears no prejudice would result from considering the MTD, the Court exercises its discretion to consider Defendants' motion. Any future violations of the Local Rules, however, may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 5 of 15 |

specific enough to provide notice as to what conduct is at issue. *Adobe*, 125 F. Supp. 3d at 965. The Complaint thus generally satisfies the low bar of Rule 8.

As for Lei's personal liability, the Complaint sets forth sufficient facts that Lei "directly owned, controlled, dominated, used, managed and/or operated ooShirts, www.teechip.com, and www.teechili.com" and therefore may be held liable for the corporation's copyright and trademark infringement. Compl. at ¶ 11; *see Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (holding that a corporate officer is liable for acts of trademark infringement and unfair trade practices committed by him, although for the benefit of the corporation); *DISH Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2020 WL 5816579, at *4 (N.D. Cal. Sept. 30, 2020) (applying the *Yost* rule to corporate officer liability for copyright infringement). Thus, although the Complaint does not sufficiently allege alter ego liability, the allegations regarding Lei's control over ooShirts and participation in its infringing activities suffice to state grounds for Lei's personal liability. *See Mophie, Inc. v. Shah*, No. SA CV 13-01321-DMG (JEMx), 2014 WL 10988339, at *2 (C.D. Cal. July 24, 2014) (finding similar allegations of corporate ownership sufficient to allege that the owner was the "moving force" behind infringing activities).

Thus, although the Complaint fails to state facts to support alter ego liability, Defendant Lei's MTD on the ground of lack of personal liability is **DENIED**.[4]

**B.      Claim 1:  Direct Copyright Infringement**

Dunham's first claim is for direct copyright infringement under the Copyright Act, 17 U.S.C § 101 *et seq.*  Compl. at ¶¶ 43-52.  A claim for copyright infringement must state: (1) ownership of a valid copyright, and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners under the Copyright Act.  17 U.S.C. § 501(a); *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).

Dunham's Trust claims ownership of the Dunham Copyrights and provided certificates of registration.  Compl., Ex. A-B [Docs. ## 1-1, 1-2.]  These certificates serve as *prima facie* evidence of a valid copyright, and Defendants do not contest their validity. *See* 17 U.S.C. § 410(c).

Dunham also sufficiently alleges the second prong of copyright infringement by alleging that Defendants are "creating, manufacturing, and distributing large quantities of counterfeit

---

[4] Pursuant to Local Rule 19-1, no more than ten Doe or fictitiously named parties are permitted. Accordingly, Doe Defendants 11 through 50 are **DISMISSED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 6 of 15 |

Dunham clothing and printed material," and that they specifically "manufacture the product, ship it to the customer, process the payment, and retain profits from the sale." Compl. at ¶¶ 32-33. Defendants argue that they cannot be held liable for direct copyright infringement because they "cannot be considered the most significant and important cause of the copy, as it is the third party users who took the crucial initial step of[] uploading the allegedly infringing content and designing the purportedly infringing goods." MTD at 18 (alterations, citation, and internal quotation marks omitted). Defendants rely primarily on *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060 (9th Cir. 2014), in which the Ninth Circuit held that a direct copyright infringement claim was unlikely to succeed against the creator of a digital video recorder ("DVR") program because third-party users of the DVR program, not the creator of the program, were in fact responsible for copying a television network's programming. *Id*. at 1067-68. The Ninth Circuit noted, however, that "one's contribution to the creation of an infringing copy may be so great that it warrants holding that party directly liable for the infringement, even though another party has actually made the copy." *Id.* (quoting *Cartoon Network LP v. CSC Holdings, Inc.* ("*Cablevision*"), 536 F.3d 121 (2d Cir. 2008)). The key is whether a plaintiff can show causation, or "volitional conduct" by the defendant showing that it "exercised control (other than by general operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017). Viewing the Complaint in the light most favorable to Dunham, the Court concludes that he has sufficiently pled that Defendants have exercised control over the copying, storage, and distribution of Dunham's copyrighted works by manufacturing, marketing, and selling the items. *See* Compl. at ¶¶ 35-36, 45; *see also Atari Interactive, Inc. v. Redbubble, Inc.*, No. 18-CV-03451-JST, 2021 WL 706790, at *15 (N.D. Cal. Jan. 28, 2021) (holding that a reasonable jury could find an online retailer liable for direct copyright infringement by facilitating the sale of infringing items designed by third-party artists).

Defendant's MTD with respect to the direct copyright infringement claim is **DENIED**.

**C.     Claims 2 and 4:  Direct Trademark Infringement, Trade Dress Infringement, Counterfeiting, and False Designation of Origin**

Dunham's second claim is for trademark and trade dress infringement and counterfeiting under 15 U.S.C. section 1114, and his fourth claim is for false designation of origin under 15 U.S.C. section 1125. Compl. at ¶¶ 53-63, 73-83. To state a claim for trademark infringement, a plaintiff must show (1) a valid trademark and (2) likely confusion from the defendant's use of that trademark. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). A claim for false designation of origin and counterfeiting under the Lanham Act requires proof of the same elements as a claim for trademark infringement. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 7 of 15 |

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1122 (C.D. Cal. 2007). Registration of a mark is *prima facie* evidence of the validity of the registered mark. *Id*. at 1047. Defendants' "use" must be "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a).

Dunham has demonstrated ownership of the Dunham Trademarks and Trade Dress, and Defendants do not contest the validity of the Dunham Trademarks or Trade Dress. Compl., Ex. A-B.

To determine whether a likelihood of confusion exists between the original trademark and the allegedly infringing product, courts apply eight factors. *GoTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 (9th Cir. 2000); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). "The eight factors are: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012). These factors "are intended as an adaptable proxy for consumer confusion, not a rote checklist." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011). "[S]ome factors—such as the similarity of the marks and whether the two companies are direct competitors—will always be important," but the relative importance of each individual factor will be case-specific. *Brookfield*, 174 F.3d at 1054; *see also Network Automation*, 638 F.3d at 1149 (stating that "each factor [is assigned] appropriate weight in accordance with its relevance to the factual circumstances presented").

Here, a majority of *Sleekcraft* factors weigh in favor of finding a likelihood of confusion. Dunham has alleged actual confusion among consumers. His fans have seen his marks on COVID-19 facemasks on Defendant's websites and inquired "whether he was improperly trying to profit off of the COVID-19 pandemic by selling these COVID-19 products." Compl. at ¶ 2. His marks are also strong—meaning more likely to be remembered and associated in the public mind with the mark's owner—given Dunham's degree of fame and his characters' distinctiveness. *Id*. at ¶¶ 20-24, 65; *see Network Automation*, 638 F.3d at 1149. Because Dunham also sold t-shirts and other consumer products bearing his marks on the internet, Defendants' use of the marks is proximate to Dunham's, and the marketing channels are the same. *See* Compl. at ¶ 31, Ex. C-D; *Rearden LLC*, 683 F.3d at 1212. Finally, the marks used on Defendants' products are similar to Dunham's or, in many circumstances, even identical. *See* Compl. at ¶ 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 8 of 15 |

Defendants argue that ooShirts is a mere marketplace operator and does not "use" Dunham's marks in commerce. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102-03 (2d Cir. 2010) (holding that trademark law "does not prevent one who trades a branded product from accurately describing it by its brand name, so long as the trader does not create confusion by implying an affiliation with the owner of the product"). In *Tiffany*, the Second Circuit held that eBay did not infringe on Tiffany's trademark by not verifying the authenticity of the products sold, so long as the online marketplace removed counterfeit products once it became aware of them. *Id*. at 103. Although Defendants have previously taken down infringing products identified by Dunham, the analogies to *Tiffany* end there. Compl. at ¶¶ 3, 90, 95. Unlike ooShirts, eBay did not manufacture and advertise allegedly counterfeit products, but merely provided a platform for third parties to sell them. *Id.* at ¶¶ 35-36; *Tiffany*, 600 F.3d at 103. By contrast, Defendants not only allegedly manufactured the products, but also used Dunham's trademarked likeness and characters to establish a standalone "Jeff Dunham" storefront on www.teechili.com to advertise infringing products. By alleging that Defendants "used the mark[s] in connection with selling or advertising" ooShirts' services, Dunham has sufficiently pled the third element of direct trademark and trade dress infringement and false designation of origin claims. *Cf. Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *9–10 (S.D.N.Y. Sept. 30, 2019) (citation omitted) (finding an online platform that manufactures and prints allegedly infringing products not liable for direct trademark infringement where it did not *additionally* use the marks in connection with selling or advertising its services).[5]

The Court therefore **DENIES** Defendants' MTD with respect to the claims of direct trademark infringement and false designation of origin.

D. Claims 6 through 9: Secondary Infringement

Plaintiff's sixth through ninth claims are for contributory copyright infringement, contributory trademark and trade dress infringement and counterfeiting, vicarious copyright infringement, and vicarious trademark and trade dress infringement. Compl. at ¶¶ 89-107.

1. Underlying Direct Infringement by a Third Party

Defendants move to dismiss Dunham's claims for secondary copyright and trademark infringement because they are dependent on his claims for direct infringement against Doe

---

[5] Because the Complaint alleges that Defendants knowingly made use of Dunham's trademarks in connection with the sale, offering for sale, or distribution of goods, statutory damages under 15 U.S.C. section 1117(c) remain available to Dunham, and the Court **DENIES** Defendants' request to strike such damages from his prayer for relief. *See* MTD at 33; *see* 15 U.S.C. § 1117(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 9 of 15 |

Defendants. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 667 F.3d 1022, 1045 (9th Cir. 2011) (noting that secondary liability for copyright infringement does not exist in the absence of direct infringement). Dunham has, however, alleged direct infringement by third parties "who design and upload infringing designs to [ooShirts'] Websites." Compl. at ¶¶ 100, 105. As discussed above, Dunham has established the *prima facie* validity of the Dunham Intellectual Property and his and his Trust's ownership of such Intellectual Property, and the Complaint contains examples of hundreds of commercial uses of his marks allegedly uploaded by third parties. He has also provided dozens if not hundreds of examples of the specific infringing products allegedly uploaded by third parties. *See* Compl., Ex. C Part 1, Ex. C Part 2, Ex. D. *See Fonovisa v. Napster, Inc.*, No. CV 01-02669, 2002 WL 398676, at *4 (N.D. Cal. Jan. 28, 2002) (finding sufficient allegations of third party direct infringement based on general allegations that users of the defendant's software uploaded specific protected works to it). Dunham sufficiently alleges direct copyright and trademark infringement by third parties.

### 2. Contributory Copyright Infringement

The Ninth Circuit defines a contributory infringer as one who "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007). The knowledge requirement for contributory infringement is satisfied if the defendant had "actual knowledge" or "reason to know of direct infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

Dunham has sufficiently alleged Defendants' actual knowledge or reason to know of direct infringement by third parties based on conduct "which can be equated to a game of 'whack-a-mole'": Dunham sends DMCA notices to Defendants identifying infringing products on ooShirts' websites, Defendants take those products down, then the same and new products using Dunham's Intellectual Property again become available on the websites. Compl. at ¶¶ 3, 95. Taking the factual allegations as true, Defendants were aware of specific instances of direct copyright infringement and permitted identical infringement to continue, thereby satisfying the knowledge requirement.[6]

---

[6] Because this allegation of Defendants' knowledge precludes the "innocent printer" defense to monetary damages under the Lanham Act, the Court **DENIES** Defendants' request to strike damages from Dunham's prayer for relief. *See K & N Eng'g, Inc. v. Bulat*, 259 F. App'x 994, 995 (9th Cir. 2007) ("Because [the defendants] advertised and sold decals with [plaintiff's] marks (rather than advertising and selling printing services), they were not engaged solely in the business of printing the mark or violating matter for others, and thus were neither innocent infringers nor innocent violators capable of raising the innocent printer defense under 15 U.S.C. § 1114(2)(A).); MTD at 32-33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 10 of 15 |

Dunham has also alleged Defendants' material contributions to and inducement of infringement. Like the company Napster, which provided a platform for users to find and download copyrighted music without license, oosShirts provides "the site and facilities" for direct infringement by third parties uploading infringing products to its sites and is thereby liable for contributory infringement. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001). In addition, the Supreme Court has included in the meaning of inducement "active steps . . . taken to encourage direct infringement," including "advertising an infringing use." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913, 936 (2005). Defendants' websites utilized advertisements featuring Dunham's own name and likeness meant to advertise the directly infringing products. *Id.* at ¶¶ 7, 37-38. In addition, the Ninth Circuit has repeatedly held that:

> In the online context, . . . a "computer system operator" is liable under a material contribution theory of infringement "if it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works."

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (quoting *Giganews, Inc.*, 847 F.3d at 671). Here, where one of Defendants' sites has a unique "Jeff Dunham" storefront and specifically advertises goods bearing his Intellectual Property, Dunham has alleged that Defendants can take at least one simple measure of removing that storefront to limit access to the infringing works.

The Court **DENIES** Defendants' MTD with regard to the contributory copyright infringement claim.

### 3. Contributory Trademark and Trade Dress Infringement

The tests for secondary trademark infringement are more difficult to satisfy than the tests for secondary copyright infringement. *Visa*, 494 F.3d at 807. "To be liable for contributory trademark infringement, a defendant must have (1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Id.* at 807 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). When the plaintiff alleges the second prong of the *Inwood* test, the plaintiff must additionally show "direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark" in order to establish contributory liability. *Id.*; *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 11 of 15 |

980, 984 (9th Cir. 1999) (the relevant inquiry is "the extent of control exercised by the defendant over the third party's means of infringement").

The Complaint satisfies both prongs of the *Inwood* test. As noted above, Defendants' intentional advertisement of infringing products designed by third parties constitutes intentional inducement. In addition, Defendants are responsible for manufacturing the allegedly infringing products uploaded by third parties, and their websites group together and advertise infringing products despite Defendants' knowledge that at least some of those products infringe Dunham's trademarks. Because Defendants have control over the websites where third parties upload allegedly infringing designs and participate in manufacturing the product, Defendants do more than just provide the instrumentality by which the third parties' direct trademark infringement occur. *See Lockheed Martin Corp.*, 194 F.3d at 984; *cf. Visa*, 494 F.3d at 807 (noting that a credit card payment network did not infringe trademarks because infringement occurred without any involvement of the payment system).

The Court **DENIES** Defendants' MTD with regard to the contributory trademark and trade dress infringement claim.

### 4. Vicarious Copyright Infringement

To be liable for vicarious copyright infringement, Defendants must have (1) "the right and ability to supervise the infringing activity" and (2) "a direct financial interest in such activities." *A&M Records*, 239 F.3d at 1022 (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). The first prong of supervision requires a specific relationship of control between the vicarious infringer and the direct infringer. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). The Ninth Circuit has held that "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Id.* In other words, while contributory liability is based on "defendant's failure to stop its own actions which facilitate third-party infringement," vicarious liability is based on "defendant's failure to cause a third party to stop its directly infringing activities." *Id.* at 1175.

The Complaint does not allege enough facts for this claim to survive a motion to dismiss. For example, allegations that Defendants "have the legal right to stop or limit the copyright infringement on [oosShirts'] Websites and the practical ability to do so" are mere legal conclusions. *See* Compl. at ¶ 101; *Amazon.com*, 508 F.3d at 1173-74. The Complaint does not provide additional facts about the third parties who design and upload infringing designs and the nature of Defendants' relationship with those direct infringers. *See* Compl. at ¶ 100.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 12 of 15 |

The Court therefore **GRANTS** Defendants' MTD, with leave to amend, with regard to the vicarious copyright infringement claim.

### 5. Vicarious Trademark and Trade Dress Infringement

Vicarious liability for trademark infringement requires "a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Visa*, 494 F.3d at 807 (citation omitted). Courts have found vicarious trademark infringement where a party exerts significant control over the infringing activity. *Atari*, 2021 WL 706790, at *10 (collecting cases). Here, by virtue of Defendants' control over the manufacture, delivery, advertisement, and payment processing for infringing products, the Complaint alleges sufficient facts to support a claim that Defendants and the third-party direct infringers exercise joint ownership or control over infringing products. *See id.* (finding similar facts at summary judgment sufficient to support a claim of vicarious trademark infringement, but not vicarious copyright infringement).

The Court **DENIES** Defendants' MTD as to the vicarious trademark and trade dress infringement claim.

### E. Claim 3: Trademark and Trade Dress Dilution

Plaintiff's third claim is for trademark and trade dress dilution under 15 U.S.C. section 1125(c). "In order to prove [trademark dilution], a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

Defendants contest only the fourth element, arguing that Dunham has not adequately alleged tarnishment because he has not demonstrated that face masks bearing Dunham Trademarks are an "offensive product" or that ooShirts' products were "inferior." Reply at 23. Whether or not Dunham has sufficiently alleged tarnishment, however, is irrelevant. The Complaint specifically alleges that Defendants' products are "*diluting* the distinctive quality of the famous Dunham Trade Dress and Dunham Trademarks" by "lessen[ing] the capacity of those famous marks to identify and distinguish products marketed and sold by Plaintiff and/or his authorized licensees under those marks." Compl. at ¶ 67 (emphasis added). Proof of actual customer confusion may establish the existence of a likelihood of dilution. *Jada Toys*, 518 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 13 of 15 |

at 636. Dunham alleges such confusion and dilution when he alleges that "consumers . . . believe Dunham is selling the Infringing Products and that he is wrongfully attempting to profit from the COVID-19 pandemic (he is not), which is causing material harm to his brand and reputation every single day." *Id*. at ¶ 42. These allegations are specific enough for the Court to draw the reasonable inference that Defendants' actions impair the distinctiveness and value of Dunham's trademarks and injure his business reputation. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 970 (N.D. Cal. 2015).

The Court therefore **DENIES** Defendants' motion to dismiss Plaintiff's trademark and trade dress dilution claims.

F.   Claim 5: Unfair Competition

Dunham's fifth cause of action for "Common Law Unfair Competition" refers to violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Compl. at ¶ 84-88. Because common law unfair competition and the UCL impose different requirements, this claim does not give sufficient notice of the legal claim against Defendants. *See Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) ("The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another.") (quoting *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254 (1992)); Cal. Bus. & Prof. Code. § 17200 ("[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice . . . ."). It also fails to "allege with at least some degree of particularity overt acts which defendants engaged in" to support plaintiff's claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). Rather, the Complaint incorporates its general factual allegations and states that "Defendants have committed acts of unfair competition, proscribed by California Business and Professions Code § 17200 *et seq.*, including the practices and conduct referred to above. These actions constitute unlawful, unfair, and/or fraudulent business acts or practices." *Id.* at ¶ 85. Although Rule 8 does not impose a high bar, Dunham neither limits his allegations of unfair competition to the facts alleged nor gives Defendants fair notice of the grounds of his claim. Furthermore, if the claim is indeed a California UCL claim, Dunham also fails to specify which of the three prongs of the UCL Defendants have violated.

The Court **GRANTS** Defendants' MTD with respect to the unfair competition claim, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 14 of 15 |

### G. Claims 10 and 11: Misappropriation of the Right of Publicity

Dunham's tenth and eleventh claims allege violation of common law and statutory rights of publicity. Compl. at ¶¶ 28-32. The common law right of publicity may be pleaded by alleging: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Hilton v. Hallmark Cards*, 599 F.3d 894, 909 (9th Cir. 2010) (citation omitted). In addition, California statute provides:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code § 3344.

Defendants assert that these claims are preempted under the Copyright Act because any appropriation of Dunham's "persona" constitutes thinly disguised copyright claims based on Defendants' alleged use of his copyrighted characters. MTD at 30. The Complaint explicitly states, however, that "Defendants have commercially exploited Dunham's *name and likeness* in connection with their advertisement, marketing, promotion, manufacture, and sale of Infringing Products (some of which also exploit Dunham's name and likeness on the Infringing Product itself), without his knowledge and consent." Compl. at ¶ 37 (emphasis added). The Complaint and its Exhibits include photographs depicting Defendants' use of Dunham's likeness and name in advertising. *Id.* "[A] publicity-right claim is not preempted when it targets non-consensual *use* of one's name or likeness on merchandise or in advertising." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017). Although Dunham has trademarked his name and likeness, the Copyright Act preemption provision does not apply where there are no copyrights at issue.

Defendants also argue that these state law claims are preempted by the Communications Decency Act ("CDA"). Under Section 230(c)(1) of the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230's preemption provision further states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). For the CDA to shield a party from liability, the party must be "(1) a provider or user

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-3716-DMG (MAAx) | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Jeff Dunham v. Raymond Lei, et al.* | Page | 15 of 15 |

of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009). "This grant of immunity applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (*en banc*) (quoting 47 U.S.C. § 230(f)(3)).

The Complaint sufficiently alleges that ooShirts itself—not any third party—utilized Dunham's name and likeness without his consent to advertise infringing products. Compl. at ¶¶ 36-39. The CDA does not provide immunity for "co-developers" who "materially contribut[e] to [the website's] alleged unlawfulness." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1167-68 (9th Cir. 2008). On the factual allegations in the Complaint, ooShirts is an information service provider that has materially contributed to the development of content that misappropriates Dunhams' right to publicity.

The Court therefore **DENIES** Defendants' MTD Plaintiff's common law and statutory right of publicity claims.

## V.
## CONCLUSION

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** Defendants' MTD, as follows:

1. The MTD is **GRANTED, with leave to amend,** with respect to Dunham's claims for vicarious copyright infringement and unfair competition;
2. The MTD is **DENIED** with respect to all other claims and Defendants' arguments to strike certain portions of the prayer for relief; and
3. Doe Defendants 11-50 are **DISMISSED** under Local Rule 19-1.

Dunham shall file his First Amended Complaint ("FAC"), or inform the Court and Defendant that he does not intend to amend the Complaint, by **June 28, 2021**. Defendants shall file their response within 21 days after Dunham files and serves his FAC, or they are notified of his intent to proceed on the Complaint.

**IT IS SO ORDERED**.