| | |
|---|---|
| 1 | **MARTIN D. SINGER (BAR NO. 78166)**<br>mdsinger@lavelysinger.com |
| 2 | **T. WAYNE HARMAN (BAR NO. 254089)**<br>wharman@lavelysinger.com |
| 3 | **JAKE A. CAMARA (BAR NO. 305780)**<br>jcamara@lavelysinger.com |
| 4 | **LAVELY & SINGER** |
| 5 | **PROFESSIONAL CORPORATION**<br>2049 Century Park East, Suite 2400 |
| 6 | Los Angeles, CA 90067-2906<br>Telephone: (310) 556-3501 |
| 7 | Attorneys for Plaintiff JEFF DUNHAM |
| 8 | |
| 9 | **CRAIG J. MARIAM (SBN: 225280)**<br>cmariam@grsm.com |
| 10 | **JOHN P. COGGER (SBN: 172808)**<br>jcogger@grsm.com |
| 11 | **GARRETT M. FAHY (SBN: 267103)**<br>gfahy@grsm.com |
| 12 | **STEPHANIE L. COBAU (SBN: 307713)**<br>scobau@grsm.com |
| 13 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>633 West Fifth Street, 52nd Floor |
| 14 | Los Angeles, CA 90071<br>Telephone: (213)576-5000 |
| 15 | |
| 16 | **KEITH G. ADAMS (SBN: 240497)**<br>kadams@mpbf.com |
| 17 | **MURPHY PEARSON BRADLEY & FEENEY**<br>550 South Hope Street, Suite 650 |
| 18 | Los Angeles, CA 90071<br>Telephone: (213) 327-3500 |
| 19 | Attorneys for Defendants RAYMOND LEI and OOSHIRTS, INC. |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JEFF DUNHAM, as an individual and in his capacity as TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LEI, an individual; OOSHIRTS, INC., d/b/a TEECHIP and TEECHILI; and DOES 1-50,<br><br>Defendants. | CASE NO.: 2:20-CV-03716-DMG (MAAx)<br><br>Judge: Honorable Dolly M. Gee<br><br>Magistrate Judge: Honorable Maria Audero<br><br>Courtroom: 8C<br><br>**JONT RULE 26(f) REPORT**<br><br>**Scheduling Conference:**<br>   September 3, 2021 at 9:30 A.M. |

1

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Central District of California Local Rule 26-1, and this Court's Order Setting Scheduling Conference, Plaintiff JEFF DUNHAM, as an individual and in his capacity as TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010 ("Plaintiff"), on the one hand, and Defendants RAYMOND LEI and OOSHIRTS, INC., d/b/a TEECHIP and TEECHILI (collectively, "Defendants"), on the other hand, (collectively, the "Parties") submit this joint report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, which was held telephonically on August 10, 2021.

## I.  SHORT SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE

### Plaintiff's Position

Plaintiff Jeff Dunham is one of the most popular and successful ventriloquists and stand-up comedians in the world, who has sold tens of millions of copies of his DVD comedy specials and has millions of social media followers. Plaintiff is best known for using distinctive, recurring characters in his comedy specials, each of which is the subject of a registered copyright. Plaintiff also holds trademarks for his likeness and the characters on merchandise, and his characters' appearance also includes protectable trade dress. Plaintiff has marketed and sold merchandise incorporating his copyrights, trademarks, and trade dress for over a decade.

Plaintiff alleges that Defendant Ooshirts and Defendant Lei (who is, upon information and belief, one of the principal members, managers, shareholders, officers, directors, and/or owners of Ooshirts, Inc.) are in the business of operating online platforms (the "Infringing Websites") which offer for sale a variety of consumer products, including apparel (including t-shirts and hooded sweatshirts) and other merchandise. Plaintiff alleges that third parties upload designs to be printed on products and sold on the Infringing Websites that infringe Plaintiff's intellectual property rights, including copyrights, trademarks, and trade dress (the "Infringing Products"). Plaintiff further alleges that the Defendants are knowingly and willfully advertising, marketing, creating, displaying, offering for sale, selling, manufacturing, distributing, and profiting

from the Infringing Products. Plaintiff further alleges that Defendants have commercially exploited Dunham's name and likeness in connection with their advertisement, marketing, promotion, manufacture, and sale of Infringing Products.

Plaintiff alleges that Defendants' infringement is knowing and willful, as evidenced by (a) the sheer quantity of different counterfeit designs and Infringing Products being sold by Defendants, (b) the exact duplication of a variety of iconic Dunham designs, and (c) Defendants' pattern and practice of infringing upon the intellectual property rights of well-known brands. For example, Ooshirts has been sued multiple times for the same type of infringing conduct. *See*, *e.g.*, *Home Box Office, Inc. v. Ooshirts, Inc.*, Civ. Action No. 18-CV-4645 (S.D.N.Y 2018); *Atari Interactive, Inc. v. Ooshirts, Inc.*, Case No. 3:19-CV-00264-WHO (N.D. Cal. 2019); *Hoelck v. Ooshirts, Inc. et al*, 1:18-cv-00062-AT (S.D.N.Y. 2018).

As a result of Defendants' conduct, Plaintiff brings the following causes of action: (1) Copyright Infringement (17 U.S.C. §§ 1010 et seq.); (2) Trademark and Trade Dress Infringement and Counterfeiting (15 U.S.C. § 1114); (3) Trademark and Trade Dress Dilution (15 U.S.C. §1125(c)); (4) False Designation of Origin (15 U.S.C. § 1125(a)); (5) Contributory Copyright Infringement; (6) Contributory Trademark and Trade Dress Infringement and Counterfeiting; (7) Vicarious Copyright Infringement; (8) Vicarious Trademark and Trade Dress Infringement and Counterfeiting; (9) Violation of California Civil Cde § 3344; (10) Common Law Misappropriation of the Right of Publicity.

**Defendants' Position**

Defendant ooShirts, Inc. operates an online print-on-demand platform through which third-party sellers may submit designs (including text and images), and advertise and sell products on which those designs may be printed. Defendant employs numerous methods in an effort to ensure that the designs uploaded by third parties do not infringe upon the intellectual property rights of others. Additionally, Defendant complies with the Digital Millennium Copyright Act and works with intellectual property owners to ensure

that intellectual property owners may expeditiously have infringing items removed from Defendant's online platform.

Defendant Raymond Lei is President of ooShirts, Inc. Plaintiff cannot establish any basis for liability (including without limitation alter ego liability) against Mr. Lei.

Defendants deny that they engaged in any actionable infringement or unfair business practice in connection with Plaintiff's alleged intellectual property. Defendants further contend that if any infringement occurred, they acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights.

Defendants were not aware of the allegedly infringing content at issue in this case, and Plaintiff provided no prior notice of its claims, until this lawsuit was filed. As soon as ooShirts learned about Plaintiff's claims, it expeditiously conducted an investigation and took appropriate action to address the allegedly infringing content.

Accordingly, Defendants deny Plaintiff's allegations and assert that Plaintiff is not entitled to any recovery in connection with his First Amended Complaint ("FAC"). As an intermediary service provider, ooShirts is not liable for content uploaded by its end users for a variety of reasons, including, without limitation, because:

1. Defendants did not engage in actionable copying, because the third-party sellers (not Defendants) were the "most significant and important cause" of the alleged infringement. *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014). Similarly, if any trademarks were infringed or counterfeiting occurred, the third-party sellers, not Defendants, are responsible for any such infringement. Moreover, any use of Plaintiff's purported trademarks was merely ornamental, and not a trademark use.

2. Defendants are immunized from liability for copyright infringement by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and from liability for trademark infringement in light of *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982) and *Tiffany (NJ) Inc. v. Ebay, Inc.*, 600 F.3d 93 (2d Cir. 2010).

3. Defendants are immunized from damages under the "innocent printer" exception set forth in 15 U.S.C. § 1114(2)(A).

4. Plaintiff cannot prevail on claims for contributory copyright or trademark infringement, at least because Defendants had no knowledge of the specific infringing content at issue. *See, e.g., ALS Scan, Inc. v. Steadfast Networks, Ltd. Liab. Co.*, Nos. 18-55615, 18-56173, 2020 U.S. App. LEXIS 22360 (9th Cir. July 17, 2020); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007); *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982).

5. Plaintiff cannot prevail on claims for vicarious infringement, at least because Defendants did not have a partnership or other relationship with a third-party infringer that could give rise to such liability. Nor do they have the "right and ability to control" infringing activity. *See, e.g., Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012) ("right and ability to control" requires more than the ability to remove or block access to materials posted on a service provider's website).

In addition, Defendants intend to assert a variety of other defenses, including those affirmative defenses set forth in Defendant's Answer to Plaintiff's FAC, and the following:

6. Plaintiff's alleged copyrights lack the requisite originality to be deemed protectable, due to Plaintiff's use of pre-existing material, including Edgar Bergen's Mortimer Snerd.

7. Plaintiff's trademark dilution claim fails because Plaintiff cannot show that his marks are famous, or that they have been diluted by blurring or tarnishment. See 15 U.S.C. § 1125 (c); *Playboy Enters., Inc. v. Welles,* 279 F.3d 796 (9th Cir. 2002); *Klein Elecs, Inc. v. Boxwave Corp.*, No. 10-cv-2197 WQH (POR), 2011 U.S. Dist. LEXIS 69525 (S.D. Cal. June 27, 2011).

8. Mr. Dunham's claims for unfair competition and violation of the right of publicity are preempted by the Copyright Act, as the crux of each claim is the alleged unauthorized reproduction of Mr. Dunham's copyrighted works. *Maloney v. T3Media,*

*Inc.*, 853 F.3d 1004 (9th Cir. 2017) (plaintiffs' UCL claim was derivative of the publicity-right claims and failed because they were preempted by the Copyright Act); *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996) (right of publicity claim preempted by Copyright Act).

9. The CDA bars Plaintiffs' state law claims, *Fyk v. Facebook, Inc.*, 808 F.App'x 597, 597-99 (9th Cir. 2020), and ooShirts and Mr. Lei are "interactive service providers" with CDA immunity. *Carafano v. Metrosplash.com Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003).

Defendants further allege Plaintiff's claims are barred by application of the following affirmative defenses set forth in Defendants' Answer to Plaintiff's FAC: failure to state a claim; waiver; unclean hands; uncertain, ambiguous and/or unintelligible FAC; statute of limitations; laches; ratification; lack of standing; failure to name necessary and indispensable parties; privilege; act or omission of others; duty to mitigate; consent/acquiescence; innocent infringement/good faith; Digital Millennium Copyright Act Safe Harbor Provisions; preemption by Communications Decency Act; Innocent Printer under 15 U.S.C. § 1114(2)(A); invalid copyright; apportionment; fraud at registration; fair use; abandonment; license/authorization; equitable indemnity; lack of notice; merger; failure to timely register; misuse; and lack of originality.

## II. TOPICS SET FORTH IN THIS COURT'S ORDER SETTING SCHEDULING CONFERENCE

### A. AMENDED PLEADINGS:

The parties do not presently anticipate further amending the pleadings at this time.

### B. ADDITIONAL PARTIES TO BE ADDED:

Plaintiff contends that there may be additional parties to be named as defendants in this lawsuit, the identity of which is discoverable, but which is not yet known to Plaintiff. These include other persons and entities involved in the advertising, marketing, creating, manufacturing, displaying, offering for sale, selling, distributing, and profiting off of the

Infringing Products. Discovery has not yet commenced, and Plaintiff will continue to investigate whether they will name additional defendants. Defendants may file a motion to add additional parties, including the person(s) responsible for any of the infringing conduct alleged in Plaintiff's Complaint.

The Parties propose that the deadline to amend the pleadings shall be January 31, 2022.

### C. LAW AND MOTION MATTERS:

The parties each anticipate filing a motion for partial and/or total summary judgment after some discovery has been conducted. The parties request that the deadline to file all dispositive motions be that set forth in this Court's Schedule of Pretrial and Trial Dates form, which is 13 weeks prior to the Final Pretrial Conference.

The parties also anticipate filing motions *in limine* should this matter proceed to trial, but it is unknown at this time what particular issues will be subject to such motions *in limine*.

### D. INFORMAL RESOLUTION EFFORTS

The parties, through their counsel, have generally discussed the prospect of settlement, but agree that productive settlement conversations cannot take place until, at the earliest, after documents have been produced through initial disclosures.

The parties currently anticipate that ADR Procedure No. 3 (private mediation) would be most appropriate in this matter.

### E. TRIAL:

    a.    Estimated Length: The parties respectfully request a ten (10) day timed jury trial, excluding jury selection, opening statement, and closing argument.

    b.    Proposed dates for Final Pretrial Conference and for Trial:

*Final Pretrial Conference:* September 6, 2022

*Trial:* October 11, 2022

    c.    The Parties reserve the right to a trial by jury on all issues triable by a jury.

F. **PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING PROOF:**

The parties do not currently contend that any such orders are necessary.

G. **COMPLEX CASES:**

The parties do not contend that this case is complex so as to necessitate the procedures of the Manual for Complex Litigation.

H. **AGREEMENT AS TO MAGISTRATE JUDGE:**

The parties do not object to the referral of this matter to a magistrate judge for all pre-trial purposes.

I. **DISCOVERY**

    1.    **Initial Disclosures**: Pursuant to F.R.C.P. 26(a)(1)(c), the parties stipulate that they shall make their initial disclosures at or within 30 days after the September 3, 2021 Scheduling Conference.

    2.    **Preservation of Discoverable Information and ESI**: The parties have been informed by their respective counsel of their obligation to preserve any and all potentially discoverable information reasonably likely to lead to the discovery of admissible evidence pertaining to their claims and defenses. The parties currently are unaware of any issues related to the preservation of discoverable evidence including ESI.

    3.    **Discovery Plan**: The parties anticipate utilizing all discovery allowed under Rule 26, including depositions, requests for documents, interrogatories, and requests for admission.

Plaintiff anticipates seeking discovery on, *inter alia*, the following subjects: the identity of all Infringing Products, the revenue and profits Defendants have made off of the sale of the Infringing Products (both directly and indirectly), the details of Defendants' awareness of the existence of Infringing Products on the Infringing Websites, the identity of all Infringing Websites owned by, operated by, and/or affiliated with Defendants, the identity of all persons and entities involved in the advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting off of

the Infringing Products, Plaintiff's alter ego allegations against Lei, Defendants' notice of Plaintiff's intellectual property rights, Defendants' ability to stop or limit the sale of Infringing Products, the pricing scheme for Infringing Products, the sale and manufacturing process for Infringing Products, Defendants' use of Plaintiff's name, image, photograph, and likeness in connection with the promotion of Infringing Products, and the extent of Defendants' advertising and marketing of the Infringing Products. Plaintiff intends to take the depositions of Raymond Lei, the person most knowledgeable of Ooshirts, Inc., and third parties.

Defendants anticipate seeking discovery on, *inter alia*, the following subjects: The registrations of the works at issue and any communications with the U.S. Copyright Office or third parties regarding the same; the alleged originality of the works at issue in the FAC; Plaintiff's claimed rights in the subject works and the validity and/or relinquishment of Plaintiff's rights; Plaintiff's ten claims alleged against Defendants in the FAC; Plaintiffs' alleged damages in connection with the ten claims alleged in the FAC; Defendants' affirmative defenses to Plaintiff's ten claims in the FAC; Plaintiff's use of pre-existing material in connection with the works at issue; third-party sellers as the cause of any alleged infringement; Defendants' receipt of, and compliance with, unrelated Digital Millennium Copyright Act ("DMCA") notices, which allegedly form the basis for secondary copyright infringement; Defendants' lack of control over, or formation of a partnership with, the direct infringer responsible for any alleged infringement of the works at issue; Defendants' communications with Plaintiffs regarding the works and allegations at issue; and other issues related to the foregoing which may arise in the course and scope of discovery in this matter.

The parties estimate that depositions will begin in late 2021.

The parties request that the deadlines to complete all non-expert and expert discovery be those set forth in this Court's Schedule of Pretrial and Trial Dates form, which are 14 weeks (non-expert) and 3 weeks (expert) prior to the Final Pretrial Conference. Other than fact discovery and expert discovery, the parties do not currently

contend that discovery should be conducted in phases or be limited to or focused on particular issues.

The parties do not foresee issues regarding claims of privilege or of protection of trial-preparation materials. The parties request that the Court enter a stipulated protective order, which the parties will provide to the Court.

**J.  OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE:**

The parties are unaware of any such issues at this time.

**III.  SCHEDULE OF PRETRIAL AND TRIAL DATES (EXHIBIT A TO ORDER)**

See attached **Exhibit A**.

Dated: August 18, 2021         LAVELY & SINGER
                               PROFESSIONAL CORPORATION
                               MARTIN D. SINGER
                               T. WAYNE HARMAN
                               JAKE A. CAMARA

                               By:  /s/ T. Wayne Harman
                                    T. WAYNE HARMAN
                                    Attorneys for Plaintiff Jeff Dunham

Dated: August 18, 2021         GORDON REES SCULLY MANSUKHANI, LLP

                               By:  /s/ Craig J. Mariam
                                    Craig J. Mariam
                                    Garrett M. Fahy
                                    Stephanie L. Cobau
                                    Attorneys for Defendants Raymond Lei and ooShirts, Inc.

Dated: August 18, 2021         MURPHY PEARSON BRADLEY & FEENEY

                               By:  /s/ Keith G. Adam
                                    Keith G. Adam
                                    Attorneys for Defendants Raymond Lei and ooShirts, Inc.

Judge Dolly M. Gee

# SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. 2:20-CV-03716-DMG (MAAx)    Case Name: JEFF DUNHAM V. LEI, OOSHIRTS et al.

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**  [ ] Court   [X] Jury<br><br>Duration Estimate: 10 days | October 11, 2022<br><br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | September 6, 2022<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | January 31, 2022 |
| Non–Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | |
| Settlement Conference Completion Date | at least 4 wks before FPTC | |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | |

# EXHIBIT A

---

[3] Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**JOINT RULE 26(f) REPORT**

on the interested parties in this action by placing [ ] the original document OR [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Craig J. Mariam, Esq.<br>Garrett M. Fahy, Esq.<br>Stephanie L. Cobau, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>633 West Fifth Street, 52nd floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-5000<br>Facsimile: (877) 306-0043<br>Email:  cmariam@grsm.com<br>            gfahy@grsm.com<br>            scobau@grsm.com | Keith Gregory Adams, Esq.<br>Joshua Y. Quaye, Esq.<br>Murphy Pearson Bradley and Feeney<br>550 South Hope Street Suite 650<br>Los Angeles, CA 90071<br>213-327-3500<br>Fax: 213-627-2445<br>Email:  kadams@mpbf.com<br>            jquaye@mpbf.com |

*Attorneys for Defendants Raymond Lei and Ooshirts, Inc.*

**[X]   BY ELECTRONIC SERVICE:** I transmitted the foregoing document by electronic mail to the e-mail address(es) stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed August 18, 2021, at Los Angeles, California.

_____
Lisa Carpenter